UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| GREGORY and KRISTI PICKETT, | § | |
| Individually and As Next Friends of | § | |
| SCOTT PICKETT, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| CITY OF PERRYTON, TEXAS; | § | |
| SERGEANT HECTOR VILLARREAL; | § | |
| PERRYTON CHIEF OF POLICE, | § | |
| WILLIAM HILL | § | |
| | § | |
| *Defendants.* | § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

Plaintiffs, **GREGORY and KRISTI PICKETT**, Individually and As Next Friends of **SCOTT PICKETT**, bring this action against the **CITY OF PERRYTON, TEXAS**, for damages pursuant to 42 U.S.C. §1983 and §1988, the Fourth and Fourteenth Amendments to the United States Constitution, and the Texas Tort Claims Act, *Tex. Civ. Prac. & Rem. Code* §101.021(2). Plaintiffs also bring this complaint against **SERGEANT HECTOR VILLARREAL** ("VILLARREAL") and Chief of Police **WILLIAM HILL** ("HILL'), police officers of the **CITY OF PERRYTON, TEXAS**, (Collectively the "Officers") in their individual capacities pursuant to 42 U.S.C. §1983 and §1988 and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is based upon 28 U.S.C. §§1331 and 1343, and

under 28 U.S.C. §1367(a).

On May 2, 2016, **SERGEANT HECTOR VILLARREAL** subjected **SCOTT PICKETT** to unnecessary and excessive force by shooting **SCOTT PICKETT** multiple times, violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and further, assaulted and battered **SCOTT PICKETT**. These violations were committed as a result of policies and customs of the **CITY OF PERRYTON**.

Plaintiffs herein comply with the pleading requirements of FRCP Rule 8(a) and the requirements of *Ashcroft v. Iqbal,* 556 U.S. 129 S.Ct. 1937, 1949 (2009) that "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

## I. PARTIES

1.1     Plaintiffs were at all times relevant to this cause of action residents of Perryton, Ochiltree County, Texas.

1.2     Defendant, the **CITY OF PERRYTON, TEXAS** is a municipal corporation located within the boundaries of the Amarillo Division of the Northern District of Texas. This Defendant will be extended the opportunity to accept service of process pursuant to FRCP 4(d). If this Defendant fails or refuses to accept service as requested, then Plaintiffs will request service of process pursuant to FRCP 4(j) upon the City Secretary.

1.3     Defendant **SERGEANT VILLARREAL** and **CHIEF HILL** were at all times relevant to this cause of action duly appointed and acting officers of the police department of the **CITY OF PERRYTON**, within the course and scope of their employment with the City. These

Defendants will be extended the opportunity to accept service of process pursuant to FRCP 4(d). If these Defendants fail or refuse to accept service as requested, then Plaintiffs will request service of process pursuant to FRCP 4(e).

## II. JURISDICTION AND VENUE

2.1    42 U.S.C. §1983 and 42 U.S.C. §1988 provide jurisdiction over Plaintiffs' constitutional claims for redress, which are conferred on this Court by 28 U.S.C. §1343(a)(3).

2.2    Federal question jurisdiction is conferred on this Court by 28 U.S.C. §1331, because this action arises under the Constitution and laws of the United States.

2.3    This Court also has pendant jurisdiction over all other claims asserted under the laws of the State of Texas, pursuant to 28 U.S.C. §1367(a).

2.4    Venue is proper in the Northern District of Texas, Amarillo Division, as this is the district where the claim arose in accordance to 28 U.S.C. §1391(b).

## III. DUTY AND LAW APPLICABLE

3.1    Plaintiff **SCOTT PICKETT** was subjected to excessive force in violation of his rights guaranteed to him by the Fourth and Fourteenth Amendments of the United States Constitution.

3.2    Plaintiff commences this action pursuant to 42 U.S.C. §1983, which provides in relevant part for redress for every person within the jurisdiction of the United States for the deprivation, under color of state law, of any rights, privileges, or immunities secured by the Constitution and laws of the United States.

3.3     **VILLARREAL** and **HILL** were acting under the color of law and are liable under 42 U.S.C. §1983.

3.4     The **CITY OF PERRYTON** is liable to Plaintiff under §101.021(2) of the Texas Civil Practice and Remedies Code (TCPRC) because of the negligence of **VILLARREAL** and **HILL** and of the City.

## IV. GENERAL ALLEGATIONS REGARDING THE INCIDENT

4.1     On May 2, 2016, **SCOTT PICKETT** was at his home in Perryton, Texas.  He was diagnosed with cerebral palsy and has a diminished mental capacity.  He is currently 22 years old.  **SCOTT PICKETT'S** parents are **GREGORY and KRISTI PICKETT**.  **SCOTT PICKETT** has the mental capacity of an 8 - 10 year old child and has lived with his parents all of his life.  On the morning of May 2, 2016, **SCOTT** was thirsty and decided to walk to Pak-A-Sak to purchase a drink.  **SCOTT** took his pellet gun with him on his walk because he was aware of a barking dog near the Pak-A-Sak that frightened him, so he wanted something to protect him from the dog in case he was attacked.  **SCOTT** went to Pak-A-Sak and purchased a soft drink before he started to return home through the neighborhood streets.  While **SCOTT** was walking home, he was confronted by a police vehicle.

4.2     Prior to the shooting and arrival of the police officers where **SCOTT** was located, the dispatch received a 911 call from a woman advising that a male subject wearing camouflage and body armor was walking towards a school and waving a pistol.  The allegations made by this unknown person were totally untrue. He was walking away from the direction of the school and

the pellet gun was in the side pocket of his pants.  The Perryton Police Department Dispatch made a transmission to on duty officers of this information in the area of 15th Street and Fordham in Perryton, Texas.  **OFFICER SCOTT RYAN STEWARD** was on duty as a Patrol Officer on May 2, 2016.  He responded to the transmission from the **PERRYTON POLICE DEPARTMENT** dispatch. **OFFICER STEWARD** observed **SCOTT PICKETT** near 9th Street and Fordham Street.  He parked his vehicle, drew his handgun and began giving verbal commands to **SCOTT** to stay where he was and to get on the ground.

4.3     **SCOTT PICKETT** stated that the police officer ordered him to get on the ground and while he was attempting to get on the ground, he "did the right thing," pulled off his cap and attempted to pull the pellet gun from a pocket on the lower side of his pants and throw it on the ground.

4.4     While these events were occuring, **VILLARREAL** was driving his police vehicle in the **CITY OF PERRYTON** with a passenger, **OFFICER JOEY ODOM**.  **OFFICER ODOM** reported for his first day of duty at Perryton Police Department and was riding along with **VILLARREAL**.  **OFFICER ODOM** did not have any patches or insignia identifying himself as a police officer because those items had not been issued to him at that time.

4.5     While **SCOTT PICKETT** was complying with **OFFICER STEWARD'S** commands, i.e. removing his cap, throwing the pellet gun on the ground and attempting to lay on the ground, **VILLARREAL** pulled up on the scene, exited his vehicle and fired his weapon seven times, striking **SCOTT PICKETT** in the leg and shoulder.  **OFFICER ODOM** described that as they pulled up on the scene and exited the vehicle, **PICKETT** "appeared to be confused. . ."

4.6     The body cam video from **VILLARREAL** shows **VILLARREAL**: (1) Park the car; (2) Get out of the car; (3) Tell a lady to go into her house; (4) Draw his weapon; and (5) Fire 7 shots in the direction of **SCOTT PICKETT**.

4.7     Additionally, the dash camera from the vehicle of **OFFICER STEWARD** that is directed from the opposite angle of where **VILLARREAL** was located, shows: (1) **SCOTT PICKETT** holding his hands up; (2) **SCOTT** removing his cap; (3) **SCOTT** bending down and throwing the pellet gun away from him; (4) shots being fired; and (5) **SCOTT** falling backwards into the grass off the street.

4.8     In light of the compliance being demonstrated by **SCOTT PICKETT** to the commands given by **OFFICER STEWARD**, **VILLARREAL'S** conduct was at all relevant times unreasonably physically aggressive with **SCOTT PICKETT**, including drawing his weapon and firing seven times within seconds of arriving on the scene.

4.9     After **VILLARREAL** shot **SCOTT PICKETT**, the **PERRYTON POLICE OFFICERS** put his hands behind his back, handcuffed him, asked him "Why was he dressed like that?" and transported him to the local hospital.

## V. FURTHER ALLEGATIONS: PRIOR INCIDENTS INVOLVING CONSTITUTIONAL VIOLATIONS BY SERGEANT VILLARREAL AND HISTORY OF INSUBORDINATION OF SERGEANT VILLARREAL

5.1     **THE CITY OF PERRYTON** and the **PERRYTON POLICE DEPARTMENT** were on notice of prior routine excessive force being committed by **VILLARREAL** due to improper training as well as insubordination while employed as an officer with the **PERRYTON POLICE DEPARTMENT** and the **LAREDO POLICE DEPARTMENT** through the following specific prior acts of **VILLARREAL**. A detailed list of the prior incidents of use of

excessive force including physical altercations, drawing his weapon on an unarmed citizen, making terroristic threats and other alcohol related incidents with the **LAREDO POLICE DEPARTMENT** are attached to the complaint as Exhibit "A" and incorporated herein for all purposes.

5.2     Additionally the Plaintiffs have attached the affidavits of Gary Owens (Exhibit "B") and Joseph Brent Judice (Exhibit "C") which demonstrate use of excessive force by **SERGEANT VILLARREAL** in the City of Perryton, prior to   the shooting incident involving **SCOTT PICKETT.**

5.3     Prior to the shooting incident in this case, the **CITY OF PERRYTON** and **CHIEF HILL** of the **PERRYTON POLICE DEPARTMENT** were on notice of the fact that (as a town in the State of Texas) the use of physical force and/or deadly force by its officers is an inevitable occurrence.   As such, the **CITY OF PERRYTON** and **HILL** had a duty to ensure that its officers were adequately trained and supervised in the use of physical and/or deadly force.   Past incidents involving **VILLARREAL'S** use of excessive force including physical altercations, drawing his weapon on unarmed citizens and threatening individuals under color of state law, both at the City of Laredo and while employed with the City of Perryton, placed the **CITY OF PERRYTON** and **HILL** on notice that **VILLARREAL** had serious mental issues/problems and needed more training, supervision and/or discipline in cases where physical and deadly force were necessary.   However, the **DEFENDANTS** refused to provide such additional training, supervision and discipline prior to the incident made the basis of this lawsuit, as more fully alleged below.   Rather, the **DEFENDANTS** turned a blind eye to the conduct of officers like **VILLARREAL** which ultimately resulted in the incident that forms the basis of this lawsuit.

5.4     **DEFENDANTS** have failed to provide adequate live shooting training exercises to train officers like **VILLARREAL** on the use of force in emotionally charged and intense, real life scenarios.  As a result, officers like **VILLARREAL** are allowed to draw and routinely fire their weapons and their tasers inappropriately at innocent individuals like **SCOTT PICKETT**, even when **SCOTT PICKETT** demonstrates compliance and poses no threat to society or his surroundings.

5.5     Officers with the **PERRYTON POLICE DEPARTMENT**, like **VILLARREAL**, had not been given the necessary training to know when circumstances arise that cause them to reasonably believe that their weapon needs to be drawn and fired upon a subject and/or the use of physical force employed to avoid serious injury to themselves or other innocent citizens of the **CITY OF PERRYTON**.  The lack of adequate training is apparent through a review of the body cam and dash cam videos in this case which demonstrate **VILLARREAL** lacks the necessary training to determine when a situation is under control and/or when a suspect is in compliance and the use of excessive force, i.e. drawing and firing a gun, is unnecessary to diffuse the situation.     Without this necessary training, officers with the **PERRYTON POLICE DEPARTMENT**, including **VILLARREAL** are routinely allowed to use excessive force for routine traffic stops as these officers are unable to assess whether the situation is life threatening or not.

5.6     The preceding incidents with the **CITY OF LAREDO POLICE DEPARTMENT** as well as the **PERRYTON POLICE DEPARTMENT** placed the **DEFENDANTS** on notice of the violent and unstable nature of **VILLARREAL** as well as the **PERRYTON POLICE DEPARTMENT'S** need for additional training and supervision to deal with the inappropriate

and unconstitutional application of physical and/or deadly force by **PERRYTON POLICE DEPARTMENT**, including **VILLARREAL**.

## VI.    DELIBERATE INDIFFERENCE

6.1    Despite the obvious prior knowledge of **VILLARREAL**'s propensities with careless and violent activity while engaged as a police officer in the State of Texas, the **DEFENDANT** hired **VILLARREAL**, equipped him with a weapon and allowed him to serve as an officer with the **PERRYTON POLICE DEPARTMENT**.

6.2    Additionally, the Defendants allowed **VILLARREAL** to train other police officers, like **OFFICER JOEY ODOM**.  The fact that no discipline, training or supervision was required of **VILLARREAL**, despite his prior unlawful documented conduct with the **CITY OF LAREDO POLICE DEPARTMENT** and the incidents that have occurred while employed as an Officer with the **PERRYTON POLICE DEPARTMENT**, is clear evidence that the **DEFENDANTS** and its policymakers ratified repeated acts of obvious negligent behavior and civil rights violations involving the use of excessive force.

6.3    It is clear that the **HILL** and the **CITY OF PERRYTON'S** practice of hiring police officers with records of excessive force, excessive alcohol usage and erratic behavior, although not authorized by written law or express municipal policy, was so prevalent as to constitute a custom, practice or policy of the **DEFENDANTS** with the force of law.

6.4    It is clear that the **DEFENDANTS** had sufficient notice that the deficiencies in the training, discipline and prior actions of **VILLARREAL** would likely lead to the violation of an individual's 4th Amendment civil rights that **VILLARREAL** was likely to encounter.  The **DEFENDANTS'** collective decision to hire officers like **VILLARREAL** and turn them loose

on the **CITY OF PERRYTON** with a badge and a weapon led to the incident which forms the basis of this lawsuit.

6.5     The violation of **SCOTT PICKETT's** civil rights was a highly predictable consequence of the Defendants' deliberate and conscious decision to hire officers like **VILLARREAL** and fail to train officers like **VILLARREAL** on the use of force, critical decision making, situation awareness, and threat assessment.

## VII.  COUNT 1
## 42 U.S.C. §1983 CLAIM AGAINST VILLARREAL

7.1     Plaintiffs hereby incorporate by reference all of the foregoing and further allege as follows: **VILLARREAL'S** conduct violated 42 U.S.C. §1983 because while acting under color of state law (as an on duty police officer employed by the **CITY OF PERRYTON**), **VILLARREAL** deprived **PICKETT** of his clearly-established rights under the Constitution of the United States which violation(s) was/were a cause of the injuries of **PICKETT**. **VILLARREAL** acted with deliberate indifference to **PICKETT'S** clearly-established constitutional rights.

7.2     **VILLARREAL** violated the following clearly-established constitutional rights of **PICKETT** as follows:

   a.     **VILLARREAL** used excessive force against **PICKETT** in violation of his clearly established rights under the 4th Amendment to the United States Constitution to be secure in his person and/or to be free from an unreasonable seizure of his person and excessive force. Each time **VILLARREAL** used force against **PICKETT** beginning and ending with gunfire, **VILLARREAL** seized **PICKETT'S** person by his action.  Each seizure was unlawful because

the force used by **VILLARREAL** caused **PICKETT** to suffer severe personal injury from the gunshot wounds as well as mental anguish associated with those wounds and being shot by a police officer. The use of force was clearly excessive to the need and was objectively unreasonable considering all of the circumstances. More specifically, **PICKETT** was complying with the commands of **OFFICER STEWARD** and demonstrated no aggressive behavior towards the officers on the scene that would justify shooting him multiple times.

7.3     Objectively unreasonable under the circumstances, the conduct of the **VILLARREAL** constitutes conscious, deliberate indifference to **PICKETT'S** clearly established constitutional rights, proximately causing the injuries of **PICKETT**. **VILLARREAL'S** conscious and deliberate decisions (which occurred after time for deliberation and planning) to use the highest level of force available, constituted gross negligence and/or was intentional and the direct and only cause of **PICKETT'S** injuries.

7.4     **VILLARREAL'S** predetermined decision to shoot **PICKETT,** and to employ objectively unreasonable and grossly excessive force against him was the proximate, direct and only cause of his injuries. **VILLARREAL** resorted to deadly force when it was objectively unreasonable to do so in light of the circumstances of the incident. There was never an imminent threat of harm or bodily injury to **VILLARREAL** or any third-person despite their allegations to the contrary.

7.5     **VILLARREAL'S** conduct violated clearly established constitutional rights of **PICKETT** which any reasonable officer would have known. A reasonable officer would have believed **VILLARREAL'S** conduct to be unlawful under the circumstances.

7.6     The fact that **PICKETT** posed no imminent threat to **VILLARREAL** or other persons

conclusively establishes no reasonably objective basis existed for **VILLARREAL** to shoot his weapon at **PICKETT** and/or he had no legal authority to do so.  Such conduct was a proximate cause and the only cause of **PICKETT'S** injuries.

7.7    **PICKETT** did not pose an imminent danger to **VILLARREAL**, himself or others. Therefore, **VILLARREAL's** wrongful shooting of **PICKETT** cannot be justified by an alleged need to prevent injury to **PICKETT** or others, including **VILLARREAL.**

7.8    The facts alleged constitute violations of 42 U.S.C. §1983, for which **VILLARREAL** is not entitled to qualified immunity.

## VIII.  COUNT 2
## 42 U.S.C. §1983:  *MONELL* CLAIM AGAINST THE CITY OF PERRYTON

8.1    **PLAINTIFFS** incorporate by reference all of the foregoing and further allege as follows:

8.2    Further, **PLAINTIFFS** allege that Defendant **CITY OF PERRYTON** had established express and/or implied policies which were constitutional violations and proximately caused **PICKETT'S** injuries.  These policies were as follows:

    a.    Negligently failing to adequately train and/or supervise officers who confront citizens under intense circumstances;

    b.    Negligently failing to discipline police officers involved in conduct amounting to clearly excessive use of deadly force;

    c.    Negligently implementing, ratifying and/or otherwise approving or encouraging systematic use of excessive deadly force in violation of the 4th Amendment of the U.S. Constitution;

    d.    Negligently failing to adequately offer training and/or supervising police officers

in proper use of force techniques when confronting humans in real life circumstances;

e.     Negligently hiring **VILLARREAL** by failing to investigate him prior to employment and specifically conducting pre-employment screening of **VILLARREAL,** who had a known history of violence, criminal behavior, use of excessive force and/or other factors making him unfit to be employed as a weapon carrying police officer at the **PERRYTON POLICE DEPARTMENT**; and

f.     Negligently ignoring numerous past constitutional violations of rights by **VILLARREAL** at the **LAREDO POLICE DEPARTMENT** and **PERRYTON POLICE DEPARTMENT** by assaulting citizens and/or drawing his gun/taser when expressly prohibited and/or in violation of the 4th Amendment of the U.S. Constitution.

8.3     The express and/or de facto policies (as established by custom, pattern, and/or practice) adopted by the policymakers of the **CITY OF PERRYTON** and the **PERRYTON POLICE DEPARTMENT** with actual or constructive knowledge, were the "moving force" behind the violations of **SCOTT PICKETT'S** constitutional rights and his resulting injuries.   The **DEFENDANTS** acted with deliberate indifference to the constitutional rights of **SCOTT PICKETT** by purposely ignoring repeated violations of constitutional rights by officers of the **PERRYTON POLICE DEPARTMENT** including **VILLARREAL.**   Further, and in the alternative, such policies were promulgated with deliberate indifference to the known or obvious consequences that constitutional violations would probably result without discipline and/or further training.

8.4     The policymakers of the **PERRYTON POLICE DEPARTMENT** with regard to the policies made the basis of this action were one or more of the following:  **CHIEF WILLIAM**

**HILL**.

8.5    This policymaker of the **PERRYTON POLICE DEPARTMENT** had actual or constructive knowledge of the policies and/or customs of the **PERRYTON POLICE DEPARTMENT** previously alleged, and acted with deliberate indifference to the constitutional rights of **PLAINTIFFS** and others similarly situated by ignoring repeated violations of constitutional rights and internal policies at the **PERRYTON POLICE DEPARTMENT**.

8.6    These policies and/or customs of continued lack of training, discipline or supervision of Perryton Police Department officers in the past were the "moving force" behind the deprivation of **SCOTT PICKETT'S** constitutional rights and his injuries.  Defendants violated **SCOTT PICKETT'S** Fourth Amendment rights by allowing a custom of excessive deadly force when such force was unwarranted.

8.7    **VILLARREAL** was free to commit excessive deadly force knowing that the **PERRYTON POLICE DEPARTMENT** would not sanction any excessive force he committed because he was hired by the **PERRYTON POLICE DEPARTMENT** despite a history of violence and criminal behavior at the **LAREDO POLICE DEPARTMENT**.  Thus, when **VILLARREAL** showed up to the scene of the incident, unholstered his weapon and fired seven times on a disabled man, he was comfortable knowing that his job was not at risk and that no sanctions would follow.

8.8.    Further, the **PERRYTON POLICE DEPARTMENT** has failed to appropriately train and supervise its officers to deal with real life street interactions.  The lack of training of **PERRYTON POLICE DEPARTMENT** in real life shooting scenarios has led to the unnecessary shooting of innocent civilians, including **PICKETT**.

8.9    The lack of training in real life encounters, caused **VILLARREAL** to not have the ability to understand that no factors existed to allow for the implementation of deadly force under the circumstances involving **PICKETT**.  As such, **VILLARREAL** acted like an untrained lay person and not an experienced and trained police officer.

8.10    The inadequate training provided by the **PERRYTON POLICE DEPARTMENT** to **VILLARREAL** caused him to shoot **PICKETT** under circumstances where **PICKETT** was in compliance with **OFFICER STEWARD's** commands and posed no threat to society.

8.11    The above described actions of **VILLARREAL** and the customs and policies of the **CITY OF PERRYTON** and the **PERRYTON POLICE DEPARTMENT** by and through the **HILL**, violated **PICKETT'S** constitutional rights by resulting in an unreasonable seizure culminating in severe personal injuries to **PICKETT.**

8.12    Pursuant to *Monell v. Dept. of Social Services,* 98 S.Ct. 2018. 56 L.Ed.2d 611 (1978) the express and/or de facto policies (as established by custom, pattern and/or practice) of the **CITY OF PERRYTON,** as previously set forth, adopted by the policymakers of the **CITY OF PERRYTON,** with actual or constructive knowledge, were the "moving force" behind the violations of **SCOTT PICKETT'S** constitutional rights and his personal injuries. The **CITY OF PERRYTON** acted with deliberate indifference to the constitutional rights of **SCOTT PICKETT,** thus rendering it liable for all Plaintiffs' injuries and damages.  Further, and in the alternative, such policies were promulgated with deliberate indifference to the known or obvious consequences that constitutional violations would result.

8.13    The policymakers of the **CITY OF PERRYTON** had actual or constructive knowledge of the policies and/or customs of the **CITY OF PERRYTON** previously alleged and acted with

deliberate indifference to the constitutional rights of Plaintiffs and other similarly situated.

## IX. ATTORNEY'S FEES

9.1     **PLAINTIFFS** have been required to retain the services of attorneys to represent them in this complex and difficult proceeding and cause of action. The **PLAINTIFFS** have retained the undersigned attorneys to represent them, and pursuant to 42 U.S.C. §1988(b) of the Federal Civil Rights Act, they are entitled to recover their reasonable and necessary fees incurred for these attorneys, and the reasonable and necessary expenses incurred in the pursuit of this claim at the trial level, the Court of Appeals level if the case is appealed to that Court, and in the Supreme Court of the United States, if necessary.

## X. JURY DEMAND

10.1     **PLAINTIFFS** respectfully demand a trial by jury.

## XI. PRAYER

11.1     **PLAINTIFFS** ask for judgment against **DEFENDANTS** and pray for:

a.      Trial by jury on all issues triable to a jury;

b.      Judgment against **DEFENDANTS**, jointly and severally, on behalf of the **PLAINTIFFS** for actual damages pursuant to 42 U.S.C. §1983;

c.      Statutory and reasonable attorney fees pursuant to 42 U.S.C. §1988(b) of the Federal Civil Rights Act, pre-judgment interest, post-judgment interest, and all of their costs herein expended; and

d.      Any and all additional relief to which the **PLAINTIFFS** may appear to be entitled.

Respectfully Submitted,

/s/ William D. Hamker
WILLIAM D. HAMKER
State Bar No. 08847900
1800 S. Washington, Suite 110
Amarillo, Texas 79102
(806) 371-7878
(806) 379-8666 (Facsimile)

STOCKARD, JOHNSTON & BROWN, P.C.
J. Daren Brown, State Bar No. 24036271
dbrown@sjblawfirm.com
1800 S. Washington, Suite 307
Amarillo, Texas 79102
Tel:  (806) 372-2202
Fax: (806) 379-7799

**Attorneys for Plaintiffs**

# *William D. Hamker*

## Attorney and Counselor at Law

1800 S. Washington, Suite 300
Amarillo, Texas 79102

*Board Certified in*
*Personal Injury Trial Law*
*By the Texas Board*
*of Legal Specialization*

Telephone
(806) 371-7878
Telecopier
(806) 379-8666

July 21, 2017

Laredo Police Department
ATTN: Open Records
4712 Maher Avenue
Laredo, Texas 78041

**RE:**   Former Officer Hector Diego Villarreal
DOB: 12-9-75

To Whom It May Concern:

Pursuant to the state open records law, Tex. Gov't. Code Ann. 552.001 to 552.353, I write to request access to and a copy of the above-referenced Officer's personnel, disciplinary and employment file. If your agency does not maintain any such records, please let me know who does and include the proper custodian's name and address.

I agree to pay any reasonable copying and postage fees of not more than $25.00. If the cost would be greater than this amount, please notify me. Please provide a receipt indicating the charges for each document.

As provided by the open records law, I will expect your response within ten (10) days. (Twenty (20) days if my request requires substantial programming or manipulation of data.) If you believe this information is not public, I ask that you immediately notify me and then seek a formal decision form the Texas Attorney General not later than ten (10) calendar days from your receipt of this request, as required by the open records law. We are not requesting documents, which are protected by law (i.e. social security numbers, driver's license numbers, etc.)

If you choose to deny this request, please provide a written explanation for the denial including a reference to the specific statutory exemption(s) upon which you rely. Also, please provide all segregable portions of otherwise exempt material.

Thank you for your assistance.

Sincerely,

William D. Hamker

WDH/lan



EXHIBIT
4



# TEXAS COMMISSION ON LAW ENFORCEMENT

D.C. Jim Dozier, J.D., Ph.D.
Executive Director

06/18/1998

AGUSTIN DOVALINA III, CHIEF
LAREDO POLICE DEPT.
4712 NAGER AVE;
LAREDO, TX.  78041

REF: Hector D. Villarreal    [Winheld Pursuant to
Texas Gev. Code § 552.147(b)]
Regular Peace Officer

Dear Administrator:

We have received an Employment Report for the licensee above, (Form L1).  Commission records
have been updated to reference current employment.

This acknowledgement is to be maintained in your agency personnel file while licensee is employed
by your agency.  This information must be maintained and available for inspection by Commission
personnel upon request.

D. C. Jim Dozier, J.D., Ph.D.
Executive Director

## TRIAL SCHEDULE

TRIAL DATE: _____ *Oct. 14 1999* _____  9:00 a.m. / 2:00 p.m.

DEFENDANT'S NAME: *Hector Diego Villarreal*

MAILING ADDRESS: *146 - Salem Loop - Laredo, Tx 7804*

RESIDENCE ADDRESS: _____

HOME PHONE #: [redacted] . WORK PHONE #:(____)

VIOLATION DOCKET NUMBER CONTESTED: *LEFT Scene of Accident*

You have plead NOT GUILTY to the charge(s) filed against you, and have been scheduled trial on the above-mentioned date.

You have the right to retain an attorney to represent you in this matter, at your own expense. It is your responsibility to have all witnesses on your behalf present at this time.

If you would like TO CHANGE YOUR PLEA EITHER GUILTY OR NOLO CONTENDERE before your trial date, you may do so by appearing in the Municipal Court Office AT LEAST TEN (10) DAYS PRIOR TO TRIAL DATE.

It is your responsibility to notify the Municipal Court Office at (830) 773-1111 of ANY CHANGES IN YOUR ADDRESS AND TELEPHONE NUMBER as soon as possible prior to your scheduled trial date.

DEFENDANT'S SIGNATURE: x *Diego Villarreal*

DATE: *9/15/99*

# PERRYTON POLICE DEPARTMENT

City Of Perryton                                         Authority for Release of
County Of Ochiltree                                      Information and Waiver

Know all men by these presents:

I, _Hector D. Villarreal_ do hereby authorize a review of and full disclosure of all records concerning myself to any duly authorized agent of the Perryton Police Department, whether the said records are of a public, private or confidential nature.

The intent of this authorization is to give my consent for full and complete disclosure of the records of educational institutions; financial or credit institutions, including records of loans, medical and psychiatric treatment and/or consultation, including hospitals, clinics, private practitioners, and the U.S. Veteran's Administration; employment and pre-employment records, including background reports, efficiency ratings, complaints or grievances filed by or against me; and the records and recollections of attorneys at law, or other counsel, whether representing me or another person in any case, either criminal or civil, in which I presently have, or have had an interest.

I understand that any information obtained by a personal history background investigation which is developed directly or indirectly, in whole or in part, upon this release, authorization will be considered in determining suitability for employment by the Perryton Police Department. I also certify that any persons(s) who may furnish such information concerning me shall not be held legally accountable for giving this information in any way; and I do hereby release said persons(s) from any and all liability which may be incurred as a result of furnishing such information.

A photocopy of this release form will be valid as an original thereof, even though the said photocopy does not contain an original writing of my signature.

_Dießo Villarreal_                                       _12-09-75_
Signature                                                Date of Birth
                                                         [Withheld Pursuant to
                                                         Texas Gov Code §552.147(t)]

_913 Castle Heights-B_                                   ████████████
Address                                                  Social Security Number

_Laredo Tx 78041_                                        ████████████
City/State/Zip                                           Phone

Subscribed and sworn to before me this _15th_ day of _June_   20 _09_


APRIL M. CARRILLO
Notary Public, State of Texas
My Commission Expires
June 13, 2011

_April M. Carr_
Notary

# Laredo Community College

Laredo  Texas

## Regional Police Academy



Hereby attests that

### Hector D. Villarreal

has satisfactorily completed a course of study in

### Mobile Field Reporting

consisting of _24_ hours of classroom instruction.

Dated this _20_ day of _August_ 20 _08_

_Juan L. Maldonado_
**Juan L. Maldonado, Ph.D.**
**President**

_Raymond Garner_
**Raymond Garner**
**Police Academy Director**



# Laredo Community College

Laredo Texas

## Regional Police Academy

Hereby attests that

**Hector D. Villarreal**

has satisfactorily completed a course of study in

**LPD In-Service Training**

consisting of 40 hours of classroom instruction.

Dated this 21st day of June 20 08

Juan L. Maldonado
Juan L. Maldonado, Ph.D.
President

Raymond Garner
Raymond Garner
Police Academy Director

# CITY OF LAREDO
## POLICE DEPARTMENT
4712 MAHER AVE. • LAREDO, TEXAS 78041
TEL. (956) 795-2829 • FAX (956) 795-3120



Chief Agustin Dovalina, III

May 3, 1998

Firefighters' and Police Officers'
Civil Service Commission
City of Laredo
Personnel Department
1110 Houston Street
Laredo, Texas 78040

To the Honorable Commission:

This is to advise you that I caused to be delivered to Officer Hector D. Villarreal, the original letter of suspension which contains the statement of reasons, informing him that he is to be suspended for three days, a copy of which is attached hereto, on the 3rd day of May, 1999.

Agustin Dovalina, III,
Chief of Police

ACKNOWLEDGMENT OF RECEIPT BY COMMISSION

Date: 5-3-99

Time: 4:15 PM

Name: _____

Xc: Florencio Pena, III, City Manager
Jaime Flores, City Attorney
Dan Migura, Director, Civil Service Commission
Internal Affairs
Personnel File of Officer Hector D. Villarreal



# CITY OF LAREDO
## POLICE DEPARTMENT

4712 MAHER AVE. • LAREDO, TEXAS 78041
TEL (956) 795-2829 • FAX (956) 795-3120



Chief Agustin Dovalina, III

To:        Officer Hector D. Villarreal

From:      Agustin Dovalina, III
           Police Chief

Date:      April 27, 1999

Re:        Three (3) Day Suspension without Pay or Benefits

        In accordance with the rules and regulations of the Fire Fighters' and Police Officers' Civil Service Commission of the city of Laredo, Chapter 143 of the Texas Local Government Code, and Section 1 of Article 23 of the current collective bargaining agreement and the authority provided therein to the head of the Police Department to effectuate disciplinary action, you are hereby suspended without pay or benefits for three calendar days effective 15:00 hours on the 3rd day of May, 1999, ending 23:00 hours of the 5th day of May, 1999. The basis for this suspension is my conclusion that you violated the following rules of the Fire Fighters' and Police Officers' Civil Service Commission of the city of Laredo, Texas:

    Rule 2. Grounds for Removal, Suspension or Demotion

        (8)      Conduct prejudicial to good order.

        (12)     Violation of a rule or special order of the Fire Department or Police Department, as applicable.

    You also violated Laredo Police Department Rules and Regulations:

SECTION THREE INDIVIDUAL RESPONSIBILITIES

        10.11    ABIDE BY LAWS: Members of the Department shall abide by:

                 B. The General Orders, Rules and Regulations, and Procedures of the Laredo Police
                    Department and Civil Service Commission Rules.

        10.41    DISPLAYING OR DISCHARGING FIREARMS:

                 B. Members shall not unnecessarily display their firearms.

    You also committed a violation of the Laredo Police Department's General Orders Manual:

SECTION 7.07 ENFORCEMENT OFF-DUTY

 

## POLICY

It is the policy of the Laredo Police Department to discourage law-enforcement activities by off-duty officers except in situations involving life-threatening emergencies or significant property loss. Off-duty enforcement places the officer in the dangerous position of having no back-up, with no means to summon back-up, having to watch out for family members which might be present, and/or having the violator or other persons fail to recognize the off-duty officer as a police officer.

The acts constituting such violations are as follows:

On February 10, 1999, while off-duty, it is alleged that you followed Mr. Jose Martinez and Mr. Carlos Barrera in your personal vehicle as they drove southbound on McPherson and confronted them at the Diamond Shamrock located at Hillside and McPherson. Mr. Martinez and Mr. Barrera further allege that you were overly aggressive towards them as you confronted them and pointed a weapon at Mr. Martinez without identifying yourself as a police officer. He states that you asked him to smile as you pointed the weapon at him. Both persons filed a formal complaint against you and your actions prompting a formal investigation by the police department's internal affairs unit.

The Disciplinary Review Board (DRB) met to review the matter. After deliberation, the DRB concluded that you did commit a violation of the aforementioned rules, policies and procedures. After investigating your conduct as set forth and complained of above; and, after reviewing the recommendation made by the DRB, I have determined that your conduct as described above is contrary to the efficient and proper functioning of the Laredo Police Department and its law-enforcement goals. I have also determined that your actions also constitute a violation of the rules and regulations of both the Fire Fighters' and Police Officers' Association and the Laredo Police Department.

Chapter 143 of the Texas Local Government Code provides that you may appeal this suspension in writing to the Civil Service Commission or to an independent third party hearing examiner. It should be noted that under Article 23, Disciplinary Actions, of the collective bargaining agreement between the city of Laredo and the Laredo Police Officers' Association, suspensions of five (5) days or less cannot be appealed to a hearing examiner, but must be appealed only to the Civil Service Commission.

If you wish to appeal this order of suspension, you have ten (10) days after receipt of this order of suspension within which to submit a written notice of appeal under Chapter 143 of the Texas Local Government Code, including Section 143.010 of Chapter 143, which specifies those matters which must be contained in your notice of appeal. Your notice of appeal should be addressed to the Director of the Civil Service Commission of the city of Laredo, Texas.


Agustin Dovalina, III
Chief of Police


Xc:     Florencio Peña, III
        City Manager

        Larry Dovalina
        Asst. City Manager

        Dan Migura, Director
        Civil Service Commission

        Jaime L. Flores
        City Attorney



Internal Affairs

Personnel File of Police Officer Hector D. Villarreal

SERVICE

Delivered By: _____     Received By: _____

Date & Time: _5/1/99_  _3:50 PM_     Witnessed By: _____



# CITY OF LAREDO
## POLICE DEPARTMENT
4712 MAHER AVE. • LAREDO, TEXAS 78041
TEL. (956) 795-2829 • FAX (956) 795-3120



Chief Agustin Dovalina, III

November 9, 1999

Firefighters' and Police Officers'
Civil Service Commission
City of Laredo
Personnel Department
1110 Houston Street
Laredo, Texas 78040

To the Honorable Commission:

This is to advise you that I caused to be delivered to Officer Hector D. Villarreal, the original letter of suspension which contains the statement of reasons, informing him that he is to be suspended indefinitely, a copy of which is attached hereto, on the 9th day of November 1999.

Agustin Dovalina, III,
Chief of Police

ACKNOWLEDGMENT OF RECEIPT BY COMMISSION

Date: 11-10-99

Time: 9:08 A.M.

Name: Cesar Danza

Xc: Florencio Pena, III, City Manager
    Jaime Flores, City Attorney
    Dan Migura, Director, Civil Service Commission
    Internal Affairs
    Personnel File of Officer Hector D. Villarreal






# CITY OF LAREDO
## POLICE DEPARTMENT
4712 MAHER AVE. • LAREDO, TEXAS 78041
TEL. (956) 795-2828 • FAX (956) 795-3120



Chief Agustín Dovalina, III

LAREDO, TEXAS
1755

To:      Officer Hector Diego Villarreal

From:    Agustin Dovalina, III
         Police Chief

Date:    November 9, 1999

Re:      Indefinite Suspension

In accordance with the rules and regulations of the Fire Fighters' and Police Officers' Civil Service Commission of the city of Laredo, and Chapter 143 of the Texas Local Government Code, and the authority provided therein to the head of the Police Department to effectuate disciplinary action, you are hereby suspended indefinitely. The basis for this suspension is my conclusion that you violated the following rules of the Fire Fighters' and Police Officers' Civil Service Commission of the city of Laredo, Texas:

**Rule 2. Grounds for Removal, Suspension or Demotion**

(6)    Acts showing lack of good moral character,

(8)    Conduct prejudicial to good order, and,

(12)   Violation of a rule or special order of the Fire Department or Police Department, as applicable.

You also violated Laredo Police Department Rules and Regulations;

**SECTION THREE:          INDIVIDUAL RESPONSIBILITIES**

10.11   ABIDE BY LAWS: Members of the Department shall abide by:

   A.    The Laws of the United States and the State of Texas, and ordinances of the city of Laredo.
   B.    The General Orders, Rules and Regulations, and Procedures of the Laredo Police Department and Civil Service Commission Rules.

10.14   RESPONSIBILITY TO SERVE THE PUBLIC: Members shall serve the public through direction, counseling, assistance, and protection of life and property. Members shall also respect the rights of individuals and perform their services with honesty, sincerity, courage, and sound judgment.

   C.    CONDUCT AND BEHAVIOR:  Members, whether on-duty or off-duty, shall be governed by the ordinary rules of good conduct and behavior, and shall not commit any act tending to bring reproach or discredit to themselves or the Department.

05/25/06   THU 14:20 FAX 956 791 7416      CITY OF LAREDO-AdminSvcs                  ☒004



10.45   TO REPORT AN ARREST, CRIMINAL CHARGE, OR INDICTMENT: Any member arrested, charged with, or indicted for a state criminal offense, in any state, which is above the level of a Class C Misdemeanor or which is a Class C Misdemeanor and the Class C Misdemeanor involves the duties and responsibilities of office, or for a federal criminal offense, must immediately provide the Office of the Chief of Police with written notification of such incident. The member must provide the Office of the Chief of Police with the name of the arresting agency, a description of the nature of the charges, and the style, court and cause number of the charge of indictment, if any.

You also violated Laredo Police Department General Orders Manual, Section:

7.01   COMMUNITY RELATIONS
The Administration desires that officers promote their profession and the Police Departmen in their daily contact with citizens in order to have the public's support and cooperation to meet Department goals.

7.02   PROFESSIONAL CONDUCT
Personnel exemplify professional conduct in their behavior. Such conduct is required to maintain public trust, confidence, and high department morale. Additionally, professional conduct maximizes the safety of the officer and others, and minimizes civil and criminal liability.

7.02.02 OFF-DUTY
Officers as public servants are under constant scrutiny of the public including while off-duty. Officers, when off-duty, conduct themselves in a manner which does not bring the Department into disrepute, discredit members of the Department, or impair the operation of the Department.

Furthermore, you were charged with violating the State of Texas Penal Code:

Chapter 22. ASSAULTIVE OFFENSES

PC 22.02. TERRORISTIC THREATS. (a) A person commits an offense if he threatens to commit any offense involving violence to any person or property with intent to:

(2) place any person in fear of imminent serious bodily injury;.

(b) An offense under this Subdivision (1) or (2) of Subsection (a) is a Class B Misdemeanor.

Chapter 49. INTOXICATION AND OTHER ALCOHOLIC BEVERAGE OFFENSES.

49.4. DRIVING WHILE INTOXICATED. (a) A person commits an offense if the person is intoxicated while operating a motor vehicle in a public place.

The acts constituting such violations are as follows:

On Saturday evening, September 4, 1999, you attended a party at 2065 Winding Ridge Circle, in Eagle Pass, Texas. You admitted to consuming an alcoholic beverage while at that location. In the early morning hours of Sunday, September 5, 1999, as you stood outside the party site, you were involved in a physical altercation with an individual by the name of Francisco Ramiriz and another by the name of Guadalupe Lopez, Jr. You then stated to them that you were going to get a gun and this was overheard by Jose Duran (a security officer), Sylvia Lopez, and Guadalupe Lopez, Jr., all of whom were present at the party and during the altercation. The fight was finally broken up by several people present, and you fled from the area in your personal vehicle identified as a white Chevrolet Camaro.

On Sunday, September 5, 1999, at approximately 1:27 A.M., you were stopped by Eagle Pass Police Department Officer H. Cardona who reported that he observed a white Chevrolet Camaro disregard a stop sign by Winding Ridge and Royal Ridge in Eagle Pass, Texas. Officer Cardona reported that EPPD Dispatch had just broadcast a lookout advising that the operator of a white Chevrolet Camaro was possibly in possession of a firearm. EPPD Officer Cardona then reported that you

 

exited the vehicle with your hands up as he requested your driver's license. Officer Cardona further reported that you had a strong odor of an alcoholic beverage on your breath and you were thus arrested and charged with Driving while Intoxicated (Refusal), a Texas Penal Code Class B Misdemeanor.

A warrant (#M9930170) was issued for your arrest on Monday, September 20, 1999, by Eagle Pass, Texas Municipal Court Judge Juan Antonio Lopez after a complaint was filed by Mr. Francisco Ramirez who alleged that you had threatened him and placed him in fear of imminent serious bodily injury on September 5, 1999. On Wednesday, September 22, 1999, at approximately 10:15 A.M., you were subsequently arrested in Eagle Pass, Texas, and charged with Terroristic Threats. TPC Sec. 22.07, Class B, Misdemeanor.

The Discipline Review Board (DRB) met to review the matter. After deliberation, the DRB concluded that you did commit a violation of the aforementioned rules, policies and procedures. After investigating your conduct as set forth and complained of above, and after reviewing the recommendation made by the DRB, I have determined that your conduct as described above is contrary to the efficient and proper functioning of the Laredo Police Department and its law enforcement goals. I have also determined that your actions also constitute a violation of the rules and regulations of both the Fire Fighters' and Police Officers' Civil Service Commission and the Laredo Police Department. As such, it is my decision to impose an indefinite suspension.

My decision to impose an indefinite suspension is further based in part upon a review of your record which reveals that you were issued a written reprimand for your arrest on an outstanding Eagle Pass, Texas traffic warrant on December 29, 1998. You were also suspended from the Laredo Police Department for a period of three (3) days following an incident that occurred on February 10, 1999, wherein you pointed a weapon at a citizen without identifying yourself as a police officer while off-duty.

Chapter 143 of the Texas Local Government Code provides that you may appeal this suspension in writing to the Civil Service Commission or to an independent third party hearing examiner. It should be noted that under Article 23, Disciplinary Actions, of the collective bargaining agreement between the city of Laredo and the Laredo Police Officers' Association, suspensions of five (5) days or less cannot be appealed to a hearing examiner, but must be appealed only to the Civil Service Commission.

If you wish to appeal this order of indefinite suspension, you have ten (10) days after receipt of this order of suspension within which to submit a written notice of appeal under Chapter 143 of the Texas Local Government Code, including Section 143.010 of Chapter 143, which specifies those matters which must be contained in your written notice of appeal. Your written notice of appeal should be addressed to the Director of the Fire Fighters' and Police Officers' Civil Service Commission of the City of Laredo, City Hall, 1110 Houston Street, Laredo, Texas 78040, stating your election to appeal to either the Fire Fighters' and Police Officers' Civil Service Commission, or to an independent third party hearing examiner. If you elect to appeal this order of suspension to an independent third party hearing examiner instead of to the Commission, you waive all rights to appeal to a district court, except as provided by Section 143.057 (j) of Chapter 143, Texas Local Government Code.

Agustin Dovalina, III
Chief of Police


Xc:     Florencio Peña, III
        City Manager

        Dan Migura, Director
        Civil Service Commission

Internal Affairs

Personnel File of Police Officer Hector Diego Villarreal

### ACKNOWLEDGEMENT

Delivered By: _____   Received By: _Diego Villarreal_

Date & Time: _11-09-99_   _____   Witnessed By: _____



# CLEAT LEGAL SERVICES TRUST

*"Strength in Numbers"*

PLEASE RESPOND TO
THE OFFICE CHECKED

❏ **Administration Office**
   400 W. 14th St., Suite 200
   Austin, TX 78701
   512/495-9111
   512/495-9301 FAX
   800/252-8153 WATS

❏ **North Texas Office**
   904 Collier, Suite 100
   Fort Worth, TX 76102
   817/882-9548
   817/882-9586 FAX
   800/825-3281 WATS

☑ **South Texas Office**
   1939 N.E. Loop 410 #210
   San Antonio, TX 78217
   210/626-1899
   210/626-2899 FAX
   800/752-5326 WATS

❏ **Group Legal Services**
   1939 N.E. Loop 410 #380
   San Antonio, TX 78217
   210/822-7678
   210/822-8185 FAX
   800/822-9529

❏ **East Texas Office**
   15603 Kuykendahl Rd, #390
   Houston, TX 77090
   281/680-5252
   281/680-9988 FAX
   800/422-5328 WATS

❏ **West Texas Office**
   747 E. San Antonio, #103
   El Paso, TX 79901
   915/533-4924
   915/533-5117 FAX

❏ **Coastal Bend Office**
   3122 Leopard St.
   Corpus Christi, TX 78408
   512/883-3224
   512/883-5759 FAX
   888/272-5328

❏ **Northeast Texas Office**
   2427 Baker Dr., Suite D
   Mesquite, TX 75150
   972/686-5220
   972/686-3350 FAX

❏ **Golden Triangle Office**
   2300 Hwy. 365, #375
   Nederland, TX 77627
   409/721-6599

❏ **Arlington Office**
   1801 West Park Row
   Arlington, TX 76013
   817/792-3534
   817/275-2340 FAX

**AFFILIATED:**
N.A.P.O.
CWA Local 6911

November 18, 1999
Sent by Facsimile
956-791-7416

Mr. Dan Migura, Director
Firefighters' and Police Officers
Civil Service Commission
1100 Houston Street
Laredo, Texas 78040

ATTN: Cesar Garza

### AMENDED NOTICE OF APPEAL
In Re: Officer Hector Diego Villarreal; Laredo Police Department;
Indefinite Suspension; Request for Arbitration

Dear Mr. Migura & Mr. Garza:

On November 9, 1999, Officer Villarreal, was notified that he was suspended from paid duty with the Laredo Police Department for an indefinite period, effective immediately.

Officer Villarreal, by and through his Attorney of Record, John J. Curtis, requests Arbitration on the disciplinary action taken against him. Pursuant to Chapter 143 of the Local Government Code contained in Vernon's Annotated Revised Civil Statutes and the provisions of the Collective Bargaining Agreement between the City of Laredo and the Laredo Police Officers' Association, we request a hearing before a Third-Party Arbitrator.

Officer Villarreal denies violating the Rules of the Firefighters' and Police Officers' Civil Service Commission, Rule 2, Grounds for Removal, Suspension or Demotion; (6) (8) and (12) of the Laredo Police Department Rules; Laredo Police Department Rules and Regulations Section Three - Individual Responsibilities, Subsection 10.11-Abide by Laws, (A), (B), 10.14 –Responsibility to Service the Public; (C)- Conduct and Behavior; 10.45-To Report an Arrest, Criminal Charge or Indictment; Laredo Police Department General Orders Manual, Section: 7.01-Community Relations; 7.02-Professional Conduct; 7.02.02-Off-Duty. Additionally, State of Texas Penal Code: Chapter 22-Assaultive Offenses; PC 22.02-Terroristic Threats (a),(2),(b); Chapter 49-Intoxication and Other Alcoholic Beverage Offenses-49.4-Driving While Intoxicated (a).



## CLEAT LEGAL SERVICES TRUST

*"Strength in Numbers"*

ADMINISTRATIVE SERVICES DEPT.

NOV 1 2 1999

PLEASE RESPOND TO
THE OFFICE CHECKED

☐ **Administration Office**
400 W. 14th St., Suite 200
Austin, TX 78701
512/495-9111
512/495-9301 FAX
800/252-8153 WATS

☐ **North Texas Office**
904 Collier, Suite 100
Fort Worth, TX 76102
817/882-9548
817/882-9586 FAX
800/825-3281 WATS

☑ **South Texas Office**
1939 N.E. Loop 410 #210
San Antonio, TX 78217
210/826-1899
210/826-2299 FAX
800/752-5328 WATS

☐ **Group Legal Services**
1939 N.E. Loop 410 #330
San Antonio, TX 78217
210/822-7678
210/822-8185 FAX
800/822-9529

☐ **East Texas Office**
15603 Kuykendahl Rd. #390
Houston, TX 77090
281/880-5252
281/880-9988 FAX
800/422-5328 WATS

☐ **West Texas Office**
747 E. San Antonio, #103
El Paso, TX 79901
915/533-4924
915/533-5117 FAX

☐ **Coastal Bend Office**
3122 Leopard St.
Corpus Christi, TX 78408
512/883-3224
512/883-5759 FAX
888/272-5328

☐ **Northeast Texas Office**
2427 Baker Dr., Suite D
Mesquite, TX 75150
972/686-5220
972/686-3350 FAX

☐ **Golden Triangle Office**
2300 Hwy. 365, #375
Nederland, TX 77627
409/721-6599

☐ **Arlington Office**
1801 West Park Row
Arlington, TX 76013
817/792-3534
817/275-2340 FAX

AFFILIATED:
N.A.P.O.
CWA Local 6911

November 10, 1999
Sent by Certified Mail RRR/P 246 953 299

Mr. Dan Migura, Director
Firefighters' and Police Officers
Civil Service Commission
1100 Houston Street
Laredo, Texas 78040

In Re: Officer Hector Diego Villarreal; Laredo Police Department;
Indefinite Suspension; Request for Arbitration

Dear Mr. Migura:

On November 9, 1999, Officer Villarreal, was notified that he was suspended from paid duty with the Laredo Police Department for an indefinite period, effective immediately.

Officer Villarreal, by and through his Attorney of Record, John J. Curtis, requests a hearing before the Firefighters' and Police Officers' Civil Service Commission on the disciplinary action taken against him. Officer Villarreal denies violating the Rules of the Firefighters' and Police Officers' Civil Service Commission, Rule 2, Grounds for Removal, Suspension or Demotion; (6) (8) and (12) of the Laredo Police Department Rules; Laredo Police Department Rules and Regulations Section Three - Individual Responsibilities, Sub-section 10.11-Abide by Laws, (A), (B), 10.14 –Responsibility to Service the Public; (C)- Conduct and Behavior; 10.45-To Report an Arrest, Criminal Charge or Indictment; Laredo Police Department General Orders Manual, Section: 7.01-Community Relations; 7.02-Professional Conduct; 7.02.02-Off-Duty. Additionally, State of Texas Penal Code: Chapter 22-Assaultive Offenses; PC 22.02-Terroristic Threats (a),(2),(b); Chapter 49-Intoxication and Other Alcoholic Beverage Offenses- 49.4-Driving While Intoxicated (a).

Officer Villarreal, specifically and generally, singularly and plurally, denies the truth of the charges and allegations against him. The charge is legally insufficient to support the imposition of any penalty or punishment and legally insufficient to support a conclusion that the Appellant was guilty as charged in the charging instrument.

Mr. Dan Migura, Director
Firefighters' and Police Officers
Civil Service Commission
Appeal Letter – Page 2

He requests a full, fair and impartial hearing and requests discovery of any exculpatory evidence. He requests reinstatement as well as lost pay and benefits. Additionally, Officer Villarreal asserts herein that the charges are not true, but assuming arguendo that such charges were true, the punishment is clearly excessive considering all the mitigating circumstances.

Respectfully submitted,

JOHN CURTIS
State Bar No. 05286100
1939 N.E. Loop 410, Suite 210
San Antonio, Texas 78217
(210) 826-1899
Fax No (210) 826-2299
ATTORNEY FOR COMBINED
LAW ENFORCEMENT ASSOCIATIONS
OF TEXAS, REPRESENTING
OFFICER HECTOR DIEGO VILLARREAL

cc:
Officer Hector Diego Villarreal
Luis Dovalina, President LPOA



# CITY OF LAREDO
### Fire Fighters' and Police Officers'
### Civil Service Commission
P.O. Box 579
Laredo, Texas 78042-0579



November 18, 1999

## HEARING OF THE CIVIL SERVICE COMMISSION

Written notice is hereby given of a hearing of the City of Laredo Fire Fighters' and Police Officers' Civil Service Commission. The hearing will be held on Thursday, December 2, 1999, at 4:30 p.m., at the City Manager's Conference Room, located at 1110 Houston Street, Laredo, Texas.

The purpose of the hearing will be to consider the following items

1. To hear the appeal of Police Officer Lino Sanchez in regards to his ten (10) day suspension dated November 5, 1999.

2. To hear the appeal of Police Officer Hector D. Villarreal in regards to his indefinite suspension dated November 9, 1999.

NOTE: The Civil Service Commission reserves the right to go into closed meeting to deliberate this under Personnel Matters - Texas Government Code Section 551.074 and Texas Local Government Code Section 143.053(d). After the closed meeting, the Civil Service Commission will reconvene in open meeting and take whatever action it deems appropriate.

This notice was posted on the bulletin board at the City Hall of the City of Laredo, Texas, on the 18th day of November, 1999.


DANIEL E. MIGURA, JR.
DIRECTOR


GUSTAVO GUEVARA, JR.
CITY SECRETARY

Mr. Don Migura, Director
Firefighters' and Police Officers
Civil Service Commission
Appeal Letter – Page 2
ATTN: Cesar Garza

---

Officer Villarreal, specifically and generally, singularly and plurally, denies the truth of the charges and allegations against him. The charge is legally insufficient to support the imposition of any penalty or punishment and legally insufficient to support a conclusion that the Appellant was guilty as charged in the charging instrument.

He requests a full, fair and impartial hearing and requests discovery of any exculpatory evidence. He requests reinstatement as well as lost pay and benefits. Additionally, Officer Villarreal asserts herein that the charges are not true, but assuming arguendo that such charges were true, the punishment is clearly excessive considering all the mitigating circumstances.

Respectfully submitted,

JOHN CURTIS
State Bar No. 05286100
1939 N.E. Loop 410, Suite 210
San Antonio, Texas 78217
(210) 826-1899
Fax No (210) 826-2299
ATTORNEY FOR COMBINED
LAW ENFORCEMENT ASSOCIATIONS
OF TEXAS, REPRESENTING
OFFICER HECTOR DIEGO VILLARREAL

cc:
Officer Hector Diego Villarreal
Luis Dovalina, President LPOA



# CITY OF LAREDO
# POLICE DEPARTMENT



*"Proudly serving and protecting the citizens of Laredo"*

*Chief Agustin Dovalina, III*



LAREDO, TEXAS
1755

*Asst. Chief F. San Miguel, III*                    *Deputy Chief I. Perez*
*Asst. Chief G. Navarro*                              *Deputy Chief E. Moncivais*

To:      Officer Hector Diego Villarreal

From:   Agustin Dovalina, III
         Chief of Police

Date:   June 5, 2006

Re:      Sixty (60) day Suspension

In Accordance with the rules and regulations of the Fire Fighter's and Police Officer's Civil Service Commission of the City of Laredo, Chapter 143 of the Texas Local Government Code, and Section 26.1 of Article 26 of the Current collective bargaining agreement between the City of Laredo and the Laredo Police Officer's Association, and the authority provided therein to the head of the Police Department to effectuate discipline, you are hereby suspended without benefits or pay for sixty (60) days effective Tuesday, June 6, 2006 at 8:00 hrs. and ending Friday, August 4, 2006 at 17:00 hrs. The basis for this suspension is my conclusion that you violated the following rules of the Fire Fighter's and Police Officer's Civil Service Commission of the City of Laredo, Texas;

Rule 2:  Grounds for Removal, Suspension or Demotion

    (6)    act of employee showing lack of good moral character.
    (8)    conduct prejudicial to good order.
    (12)   violation of a rule or special order of the Fire Department or Police Department as
           applicable.

## SECTION OF MANUAL VIOLATED:

**Violation of Rules and Regulations of the Firefighters and Police Officers' Civil Service Commission of The City of Laredo, under Rule 2...**

    (1)  Violation of an applicable fire of police department rule or special order.

Violation of General Orders Manual Section.....

## STANDARDS OF CONDUCT

### 7.2    STANDARDS OF CONDUCT

It is the purpose of this policy to provide specificity to the standards of conduct embodied of this agency will better understand prohibitions and limitations pertaining to their conduct and activities while on and off duty.

The rules of conduct set forth in this policy are not intended to serve as an exhaustive treatment of requirements, limitations, or prohibitions on officer conduct and activities established by this agency.  Rather, they are intended to (1) alert officers to some of the more sensitive and often problematic matters involved in police conduct and ethics; (2) specify, where possible, actions and inactions that are contrary to and that conflict with the duties and responsibilities of law enforcement officers, and (3) guide officers in conducting themselves and their affairs in a manner that reflects standards of deportment and professionalism as required of law enforcement officers.  Additional guidance on matters of conduct is provided in regard to specific policies, procedures, and directives disseminated by this agency and from officers' immediate supervisors and commanders.

### 7.2.1   POLICY

Actions of officers that are inconsistent, incompatible or in conflict with the values established by this agency negatively affect its reputation and that of its officers.  Such actions and inactions thereby detract from the agency's overall ability to effectively and efficiently protect the public, maintain peace and order, and conduct other essential business.  Therefore, it is the policy of this law enforcement agency that officers conduct themselves at all times in a manner that reflects the ethical standards consistent with the rules contained in this policy and otherwise disseminated by this agency.

### 7.2.2   DEFINITIONS

Accountability:  In the context of this policy, accountability means the duty of officers to truthfully acknowledge and explain their actions and decisions when requested to do so by an authorized member of this agency without deception or subterfuge.

### 7.2.3  PROCEDURES

1.  Obedience to Laws, Regulations and Orders

    a.  Officers shall not violate any law or any agency policy, rule or procedure.
    b.  Officer shall obey all lawful orders.

2.  Conduct Unbecoming an Officer

    a.  Officers shall not engage in any conduct or activities on or off-duty that reflect discredit on the officers, tend to bring this agency into disrepute, or impair its effective operation.

3.  Accountability, Responsibility, and Discipline

    a.  Officers are directly accountable for their action through the chain of command, to this agency's chief executive officer.

    b.  Officers shall cooperate fully in any internal administrative investigation conducted by this or other authorized agency an shall provide complete and accurate information in regard to any issue under investigation.

    c.  Officers shall be accurate, complete, and truthful in all matters.

    d.  Officers shall accept responsibility for their actions without attempting to conceal, divert, or mitigate their true culpability nor shall they engage in efforts to thwart, influence, or interfere with an internal or criminal investigation.

Violation of Rules or Special Orders to the Laredo Police Department.

## SECTION THREE: INDIVIDUAL RESPONSIBILITIES

10.11  **ABIDE BY LAWS AND DEPARTMENTAL ORDERS:**  Members of the Department shall abide by:

    B.  The General Orders, Rules and Regulations, and Procedures of the Laredo Police Department and Civil Service Commission Rules.

10.12  **TRUTHFULNESS:**  Members shall speak the truth at all times.  Report and written communications from any members shall reflect the truth.

**10.13 OBEY LAWFUL ORDERS:** Members shall obey all lawful orders and directions given by supervisory officers and shall comply with instructions given by the police dispatcher. Such obedience shall be prompt and willing.

    **A. INSUBORDINATION:** Defying the authority of any supervisory officer by obvious disrespect, disputing his/her orders, or failure or deliberate refusal to obey any lawful order by him/her shall be deemed insubordination.

**10.14 RESPONSIBILITY TO SERVE THE PUBLIC:** Members shall serve the public through direction, counseling, assistance, and protection of life and property. Member shall also respect the rights of individuals and perform their services with honesty, sincerity, courage, and sound judgment.

    **C. CONDUCT AND BEHAVIOR:** Members, whether on-duty or off-duty, shall be governed by the ordinary rules of good conduct and behavior, and shall not commit any act tending to bring reproach or discredit to themselves or the Department.

The acts constituting such violations are as follows:

On Friday January 27th, 2006 at about 4:00 a.m. you, Officer Hector Diego Villarreal, contacted Captain G.E. Martinez at his home and told him that you needed some advice. You told Captain Martinez that you had had a get together at you're apartment with some girls and that some suspicious subjects had shown up, which according to you, did not know. Furthermore, you told Captain Martinez that these subjects had left some handguns in your apartment and you needed advice as to what to do with them. Captain Martinez notified Lt. Villarreal, the on duty watch commander, and told him to send a supervisor to your apartment:

On Friday January 27th at approximately 4:40 a.m. Sgt Rene Alvarado along with Officer Abram Guajardo were sent to your apartment. Upon arrival Officer Villarreal told him that after having several girls over at your apartment, several "unknown" male subjects arrived with beer and hung out at his apartment. You also told Sgt. Alvarado that about 30 minutes later you and one of the subjects engaged in a discussion over the carrying of a concealed weapon. You further stated that the subject pulled out a handgun stating he carried one and so did his friends. You were then told by the subjects that they were going to leave the guns and would pick them up later. Sgt. Alvarado contacted Lt G. A. Ortiz and Lt. Ortiz instructed Sgt. Alvarado to tell you that the guns were going to be picked up and placed in the evidence room and that you could retrieve them after you had talked to Internal affairs. Officer Guajardo filed a report (#06-2909) and picked up the guns and placed them in the evidence room tagged with #06-384.

At about 7:30 a.m. of the same date, you met with evidence technician Juan A. Romero and told him that you had talked to the night Watch commander and that he had given you permission to take out the weapons from the evidence room. Officer Romero, not questioning you, hands over the weapons. Shortly thereafter Investigator Magana was to meet with you at your apartment and to tell you to turn over the weapons that you had checked out from the

property room. The guns were picked up by Inv. Magana and turned back in to the property room under tag # 06-385. Subsequently an internal affairs investigation was launched.

Internal Affairs investigation revealed that you lied to Captain G. E. Martinez and Sgt. R. Alvarado about not knowing the subjects that were at your apartment and who left the guns with you. In fact investigation revealed that you knew them very well to the point that you loaned them your car. You further lied to evidence technician Juan Romero about getting permission from the night watch commander about checking out the guns from the property room. Furthermore, investigation revealed that you failed to follow the instructions that Sgt. Alvarado had given you about talking to Internal Affairs first before retrieving the guns from the evidence room.

The internal investigation findings were subsequently submitted to the Laredo Police Department Discipline Review Board (DRB) for a disposition recommendation.

After deliberation, the DRB concluded that you did commit a violation of the aforementioned rules, policies, and procedures. After investigating your conduct as set forth and complained of above and, after reviewing the recommendation made by the DRB, I have determined that your conduct, as described above, is contrary to the efficient and proper functioning of the Laredo Police Department and its law enforcement goals. I have also determined that your actions also constitute a violation of the rules and regulations of the Fire Fighter's and Police Officer's Civil Service Commission and the Laredo Police Department. As such, it is my decision to assess you with sixty (60) days suspension.

Chapter 143 of the Texas Local Government Code provides that you may appeal this suspension in writing to the Civil Service Commission or to an independent third party hearing examiner.

If you wish to appeal this order of suspension, you have ten (10) days after receipt of this order of suspension, within which to submit a written notice of appeal under Chapter 143 of the Texas Local Government Code, including Section 143.010 of Chapter 143, which specifies those matters which must be contained in your notice of appeal. Your notice of appeal should be addressed to the Director of the Civil Service Commission of the City of Laredo, Texas.

Agustin Dovalina, III
Chief of Police

SERVICE

Delivered by: _____

Date/Time: 06/05/06   11:50 AM

Received by: _____

Witnessed by: _____



Xc: Larry Dovalina     Dan Migura, Director
   City Manager     Administrative Services

   Cesar Garza, Director   Jaime Flores
   Civil Service Commission  City Attorney

   Office of Public Integrity  Officer Hector D. Villarreal, Personnel File

**Laredo Police Department
Office of Public Integrity**

# Memo

To:     Leticia Garcia

From:   Officer Lidia Balderas   *L. R. Balderas*

Date:   November 9, 2007

Re:     Off. Hector Diego Villarreal

---

This is to inform you that Off. Hector Diego Villarreal has been suspended without pay or benefits for a term of two (2) calendar days effective Friday, November 9, 2007 at 02:00 P.M. and ending on Saturday, November 10, 2007, at 4:00 P.M.



# CITY OF LAREDO
# POLICE DEPARTMENT



*"Proudly serving and protecting the citizens of Laredo"*

*Chief Agustin Dovalina, III*

*Asst. Chief F. San Miguel, III*
*Asst. Chief G. Navarro*

*Deputy Chief I. Perez*
*Deputy Chief E. Moncivais*



LAREDO, TEXAS
1755

**To:**   Officer Hector Diego Villarreal

**From:**   Gilbert L. Navarro
Acting Chief of Police

**Date:**   November 8, 2007

**Re:**   Two (2) Day Suspension Without Pay or Benefits

In accordance with the rules and regulations of the Fire Fighters' and Police Officers' Civil Service Commission of the City of Laredo, Chapter 143 of the Texas Local Government Code, Texas Penal Code, and Section 26.1 of Article 26 of the current Collective Bargaining Agreement, and the authority provided therein to the head of the Police Department to effectuate discipline, you are hereby suspended without pay or benefits for two (2) calendar days effective Friday, November 9, 2007 at 2:00 p.m. and ending on Saturday, November 10, 2007 at 4:00 p.m. The basis for this suspension is my conclusion that you violated the following:

**VIOLATIONS:**

**Violation of Rules and Regulations of the Firefighters' and Police Officers' Civil Service Commission of the City of Laredo, Rule 2; Grounds for Removal, Suspension or Demotion, specifically,**

(8)   Conduct prejudicial to good order; and

(12)   Violation of an applicable fire or police departmental rule or special Order;

**Violation of Rules or Special Orders of the Laredo Police Department;**

**SECTION THREE: INDIVIDUAL RESPONSIBILITIES**

**10.11 ABIDE BY LAWS AND DEPARTMENTAL ORDERS:** Members of the Department shall abide by:

**7.02.001    POLICY**

Actions of officers that are inconsistent or in conflict with the values established by this agency negatively affect its reputation and that of its officers.  Such actions and inactions thereby detract from the agency's overall ability to effectively and efficiently protect the public, maintain peace and order, and conduct other essential business.  Therefore, it is the policy of this law enforcement agency that officers conduct themselves at all times in a manner that reflects the ethical standards consistent with the rules contained in this policy and otherwise disseminated by this agency.

**7.02.002    DEFINITIONS**

Accountability:  In the context of this policy, accountability means the duty of all officers to truthfully acknowledge and explain their actions and decisions when requested to do so by an authorized member of this agency without deception or subterfuge.

**7.02.003    PROCEDURES**

A. General Conduct

1. Obedience to Laws, Regulations and Orders
   a. Officers shall not violate any law or any agency policy, rule or procedure.

2. Conduct Unbecoming an Officer
   a. Officers shall not engage in any conduct or activities on or off-duty that reflect discredit on the officers, tend to bring this agency into disrepute, or impair its efficient and effective operation.

3. Accountability, Responsibility, and Discipline
   e. Officers who are arrested, cited or come under investigation for any criminal offense in this or another jurisdiction shall report this fact to a supervisor as soon as possible.

A.   The Laws of the United States and the State of Texas, and ordinances of the City of Laredo.

B.   The General Orders, Rules and Regulations, and Procedures of the Laredo Police Department and Civil Service Commission Rules.

## 10.14 RESPONSIBILITY TO SERVE THE PUBLIC:

Members shall serve the public through direction, counseling assistance, and protection of life and property.  Members shall also respect the rights of individuals and perform their services with honesty, sincerity, courage and sound judgment.

### C. CONDUCT AND BEHAVIOR:

Members, whether on duty or off-duty, shall be governed by the ordinary rules of good conduct and behavior, and shall not commit any act tending to bring reproach or discredit to themselves or the department.

**Violation of General Orders Manual Section:**

## 7.02        STANDARDS OF CONDUCT

It is the purpose of this policy to provide additional specificity to the standards of conduct embodied in the law enforcement officer's code of ethics and this agency's statement of values so that officers of this agency will better understand prohibitions and limitations pertaining to their conduct and activities while on and off-duty.

The rules of conduct set forth in this policy are not intended to serve as an exhaustive treatment of requirements, limitations, or prohibitions on officer conduct and activities established by this agency.  Rather, they are intended to (1) alert officers to some of the more sensitive and often problematic matters involved in police conduct and ethics; (2) specify, where possible, actions and inactions that are contrary to and that conflict with the duties and responsibilities of law enforcement officers, and (3) guide officers in conducting themselves and their affairs in a manner that reflects standards of department and professionalism as required of law enforcement officers.

Violations of the State of Texas Penal Code, Chapter 22, Section...

## 22.01. ASSAULT

(a) A person commits an offense if the person:
(1) intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse; or
(2) intentionally or knowingly threatens another with imminent bodily injury, including the person's spouse; or
(3) intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.
(b) An offense under Subsection (a) (1) is a Class A misdemeanor, except that the offense is a felony of the third degree if the offense is committed against:
(1) a person the actor knows is a public servant while the public servant is lawfully discharging an official duty, or in retaliation or on account of an exercise of power or performance of an official duty as a public servant;
(2) a person whose relationship to or associated with the defendant is described by Section 71.0021 (b), 71.003, or 71.005, Family Code, if it is shown on the trial of the offense that the defendant has been previously convicted of an offense under this chapter, Chapter 19, or Section 20.03, 20.04, or 21.11 against a person whose relationship to or association with the defendant is described by Section 71.0021 (b), 71.003, or 71.005, Family Code;
(3) a person who contract with government to perform a service in a facility as defined by Section 1.07 (a)(14), Penal Code, or Section 51.02 (13) or (14), Family Code, or an employee of that person:
(A) while the person or employee is engaged in performing a service within the scope of the contract, if the actor knows the person or employee is authorized by government to provide the service; or
(B) in retaliation for or on account of the person's or employee's performance of a service within the scope of the contract; or
(4) a person the actor know is a security officer while the officer is performing a duty as a security officer.
(c) An offense under Subsection (a) (2) or (3) is a Class C
(1) a misdemeanor, except that the offense is:
Class A misdemeanor if the offense is committed under Subsection (a)(3) against an elder individual or disabled individual, as those terms are defined by Section 22.04; or
(2) a Class B misdemeanor if the offense is committed by a person who is not a sports participant against a person the actor knows is a sports participant either:
(A) while the participant is performing duties or responsibilities in the participant's capacity as a sports participant; or
(B) in relation for or an account of the participant's performance of a duty or responsibility within the participant's capacity as a sports participant.

The acts constituting such violations are as follows:

On July 12th 2007 Raquel Ramirez filed a complaint against you, Officer Diego Villarreal. Ms. Ramirez claims that she was with some friends at Cosmos Bar & Grill and that you approached their table and started making unnecessary comments about her ring and Rolex watch. An argument ensued and two of Ms. Ramirez's friends proceeded to pour their drinks on you. You then stood back, shook your beer bottle and began to spray them with your beer. There were witnesses to the assault which corroborate the complainant's accusation. At approximately 1:48 a.m., Ms. Ramirez filed a complaint with police and subsequently you were issued a citation for Assault Class C.

Having received the OPI / IA files on the matter, the Disciplinary Review Board (DRB) met to review the investigation findings on the matter. After deliberation, the DRB concluded that you violated the above mentioned Rules and Regulations of the Firefighters and Police Officers' Civil Service Commission, the Rules and Special Orders of the Police Department and General Orders Manual. The DRB further recommended that you be assessed a two (2) day suspension without pay or benefits.

After investigating your conduct as set forth and complained above and after reviewing the recommendation made by the DRB, I have determined that your conduct as described above is contrary to the efficient and proper functioning of the Laredo Police Department and its law enforcement goals and constitutes a violation of the rules and regulations of both the Fire Fighter and Police Officers' Civil Service Commission and the Laredo Police Department. I have based my decision to assess you a two (2) day suspension without pay or benefits, upon not only the acts as set forth above, but also upon the recommendation of the DRB.

Chapter 143 of the Texas Local Government Code provides that you may appeal in writing to the Civil Service Commission or to an independent third party hearing examiner. However, under Article 26, Disciplinary Actions, of the Collective Bargaining Agreement between the City of Laredo and the Laredo Police Officers' Association, suspension of five (5) days or less cannot be appealed to a hearing examiner, but must be appealed only to the Civil Service Commission.

If you wish to appeal this order of suspension, you have ten (10) days after receipt of this order of suspension within which to submit a written notice of appeal under Chapter 143 of the Texas Local Government Code, including Section 143.010 of Chapter 143, which specifies those matters which must be contained in your notice of

appeal. You notice of appeal should be addressed to the Director of the Fire Fighters' and Police Officers' Civil Service Commission of the City of Laredo, Texas

Gilbert L. Navarro
Acting Chief of Police

### SERVICE

Delivered by: _Wil Baldera_    Received by: _Diego Villarreal_

Date/Time: _11/03/07_ /_4:10 PM_    Witnessed by: _Smurn_

XC:    Carlos Villarreal, City Manager
       Cesar Garza, Director, Civil Service Commission
       Raul Casso, City Attorney
       Officer of Public Integrity
       Personnel File of Officer Hector Diego Villarreal

**Laredo Police Department**
**Office of Public Integrity**

# Memo

**To:**   Leticia Garcia

**From:**   Inv. S. Moreno

**Date:**   October 03, 2008

**Re:**   Indefinite Suspension for Off. Hector Diego Villarreal

This is to inform you that Off. Hector Diego Villarreal has been suspended indefinitely without pay or benefits effective Thursday, October 02, 2008, at 4:25 PM.



# CITY OF LAREDO
# POLICE DEPARTMENT

*"Proudly serving and protecting the citizens of Laredo"*



*Chief Carlos R. Maldonado*

*Asst. Chief F. San Miguel, III*     *Deputy Chief I. Perez*
LAREDO, TEXAS *Asst. Chief G. Navarro*     *Deputy Chief E. Moncivais*
1755



To:     Officer Hector Diego Villarreal

From:  Carlos R. Maldonado
        Chief of Police

Date:   October 02, 2008

*Re:*    *Indefinite Suspension*

In Accordance with the rules and regulations of the Fire Fighters' and Police Officers' Civil Service Commission of the City of Laredo, Chapter 143 of the Texas Local Government Code, and Section 26.1 of Article 26 of the Current collective bargaining agreement between the City of Laredo and the Laredo Police Officers' Association, and the authority provided therein to the head of the Police Department to effectuate discipline, you are hereby suspended indefinitely. The basis for this suspension is my conclusion that you violated the following rules of the Fire Fighters' and Police Officers' Civil Service Commission of the City of Laredo, Texas:

     Rule 2: Grounds for Removal, Suspension or Demotion

           (8)   Conduct prejudicial to good order;

           (12) Violation of an applicable fire or police department rule or special order.

A violation of the following sections of the Rules or Special Orders of the Laredo Police Department:
     Section Three: INDIVIDUAL RESPONSIBILITIES
           10.11 Abide by Laws and Department Orders: Members of the
                Department shall abide by:
                  A. The Laws of the United States and the State of Texas, and
                    ordinances of the City of Laredo.
                  B. The General Orders, Rules and Regulations, and Procedures of
                    the Laredo Police Department and Civil Service Commission

Rules.

10.14 Responsibility to Serve the Public: Members shall serve the public through direction, counseling, assistance, and protection of life and property. Members shall also respect the rights of individuals and perform their services with honesty, sincerity, courage, and sound judgment.

   C. Conduct and Behavior: Members, whether on-duty or off-duty, shall be governed by the ordinary rules of good conduct and behavior, and shall not commit any act tending to bring reproach or discredit to themselves or the Department.

10.21 Use of Intoxicants:

   A. Drinking: Public intoxication on-duty or off-duty, is prohibited. Driving a motor vehicle while under the influence of alcohol or controlled drugs, on or off-duty is prohibited. Reporting for duty after consuming alcoholic beverages or with the odor of alcoholic beverage on ones breath is prohibited. Consumption or possession of any controlled substance except in accordance with a physician's orders is prohibited, on or off-duty. A member reasonably suspected of violation of this rule may not refuse to submit to a blood, breath, or urine test upon order of a superior officer or supervisor.

10.33 Restrictions on Activities while Sick, Injured, or on Limited Duty:

   A. Members, while on sick or injury leave, shall remain at their place of residence unless it is necessary for them to go to the doctor, hospital, or pharmacy. If for medical reasons it should be necessary for a sick or injured member to stay at some location other than his/her residence, he/she notify his supervisor who shall insure that the new temporary address is made a matter of record.

Additionally, your actions constituted a violation of the General Orders Manual of the Police Department:

7.02          Professional Conduct
              It is the purpose of this policy to provide additional specificity to the standards of conduct embodied in the law enforcement officer's code of ethics and this agency's statement of values so that officers of this agency will better understand prohibitions and limitations pertaining to their conduct and activities while on and off duty.
              The rules of conduct set forth in this policy are not intended to serve as an exhaustive treatment of requirements, limitations, or prohibitions on officer conduct and activities established by this

agency. Rather, they are intended to (1) alert officers to some of the more sensitive and often problematic matters involved in police conduct and ethics; (2) specify, where possible, actions and inactions that are contrary to and that conflict with the duties and responsibilities of law enforcement officers, and (3) guide officers in conducting themselves and their affairs in a manner that reflects standards of deportment and professionalism as required of law enforcement officers. Additional guidance on matters of conduct is provided in regard to specific policies, procedures, and directives disseminated by this agency and from officers' immediate supervisors and commanders.

7.02.001   Policy
Actions of officers that are inconsistent, incompatible or in conflict with the values established by this agency negatively affect its reputation and that of its officers. Such actions and inactions thereby detract from the agency's overall ability to effectively and efficiently protect the public, maintain peace and order, and conduct other essential business. Therefore, it is the policy of this law enforcement agency that officers conduct themselves at all times in a manner that reflects the ethical standards consistent with the rules contained in this policy and otherwise disseminated by this agency.

7.02.002   Definitions
Accountability: In the context of this policy, accountability means the duty of all officers to truthfully acknowledge and explain their actions and decisions when requested to do so by an authorized member of this agency without deception or subterfuge.

7.02.003   Procedures
1. Obedience to Laws, Regulations and Orders
   a. Officers shall not violate any law or any agency policy, rule or procedure.
   b. Officers shall obey all lawful orders.
2. Conduct Unbecoming an Officer
   a. Officers shall not engage in any conduct or activities on or off-duty that reflect discredit on the officers, tend to bring this agency into disrepute, or impair its efficient and effective operation.

Your act(s) as set forth herein constitute various violations of the State of Texas Penal Code including Driving While Intoxicated that constitutes a Class B Misdemeanor, with a two-year statute of limitations so as to bring your act(s) within the coverage of Section 2 of Article 26, Disciplinary Action, of the Collective Bargaining Agreement between the City of Laredo, Texas and the Laredo Police Officers' Association. In addition to DWI, your acts also constitute violations of three other penal statutes regarding unlawful carrying of a handgun by license holder, public intoxication and possession of an alcoholic beverage in a motor vehicle, specifically listed below.

Title 10.Offenses Against Public Health, Safety, and Morals

Chapter 46. Weapons
§ 46.035. Unlawful Carrying of Handgun by License Holder. (d) A license holder commits an offense if, while intoxicated, the license holder carries a handgun under the authority of Subchapter H, Chapter 411, Government Code, regardless of whether the handgun is concealed.

Chapter 49. Intoxication and Alcoholic Beverage Offenses
§ 49.02. Public Intoxication. (a) A person commits an offense if the person appears in a public place while intoxicated to the degree that the person may endanger the person or another.
(c) Except as provided by Subsection (e), and offense under this section is a Class C misdemeanor.

§ 49.031. Possession of Alcoholic Beverage in Motor Vehicle. (b) A person commits an offense if the person knowingly possesses an open container in a passenger area of a motor vehicle that is located on a public highway, regardless of whether the vehicle is being operated or is stopped or parked. Possession by a person of one or more open containers in a single criminal episode is a single citation.
(d) An offense under this section is a Class C misdemeanor.

§ 49.04. Driving While Intoxicated. (a) A person commits an offense if the person is intoxicated while operating a motor vehicle in a public place.
(b) Except as provided by Subsection (c) and § 49.09, an offense under this section is a Class B misdemeanor, with a   minimum term of confinement of 72 hours.
c) If it is shown on the trial of an offense under this section that at the time of the offense the person operating the motor vehicle had an open container of alcohol in the person's immediate possession, the offense is a Class B misdemeanor, with a minimum term of confinement of six days.

The acts constituting such violations are as follows:

On Sunday, April 20, 2008, at approximately 12:26 AM, you were off-duty and operating your personal vehicle, a silver Chrysler 300 displaying Texas license plates 773-BCG, and traveling southbound on IH-35 (99 mile marker) through Pearsall, Frio County, Texas. In Pearsall, Texas you were stopped for speeding by Texas Department of Public Safety Trooper Daniel E. Torres. Trooper Torres' observations of your driving, your physical condition, and results of your standardized field sobriety test brought him to the conclusion that you were driving while intoxicated, an arrestable offense under Texas Penal Law. Trooper Torres then placed you under arrest for Driving While Intoxicated Texas Penal Code Section 49.04, a Class B Misdemeanor. Trooper Torres subsequently offered you the opportunity to undergo a Breathalyzer examination which you refused to submit to. You were charged with Driving While Intoxicated and were remanded to the custody of the Frio County Jail.

Noted in Trooper Torres' report of your arrest are the following:

> Your admission that you had been drinking and shouldn't be driving.
> Your poor performance of the Standardized Field Sobriety Test.
> An open alcoholic beverage container found on the floorboard of your vehicle.
> A loaded PT111, 9mm Para pistol found in the middle console of your vehicle.
> Your exit from the Trooper's vehicle after having been handcuffed and secured (seat-belted) there by Trooper Torres.
> The existence of evidence in the form of video (DVD) of the traffic stop and your arrest.

As noted above, you had an open alcoholic container on the floorboard of your vehicle as observed by Trooper Torres and noted in his report, which is a Class C misdemeanor. More to the point, on June 23, 2008, the Frio County Attorney reduced the DWI, class B misdemeanor, to Possession of an alcoholic beverage in a motor vehicle (Open container Charge) Penal Code Section 49.031, class C misdemeanor in exchange for your guilty plea to an open container charge. On June 23rd you plead guilty and paid a fine and court costs of $796.00.

You also told Trooper Torres that you had been drinking and should not have been driving and you were in a vehicle in a public place which is Public Intoxication, a class C misdemeanor under the Texas Penal Code Section 49.02.

Additionally, Trooper Torres found your loaded PT 111, 9mm Para pistol in the middle console of your vehicle which is the Unlawful Carrying of Handgun by License Holder, an arrestable offense under the Penal Code, Section 46.035.

The fact that you, as a sworn police officer, drove a motor vehicle on a public roadway, although off-duty, speeding, intoxicated, in possession of an open alcoholic container, in possession of a handgun, admitting you had been drinking and should not be driving, resulting in your arrest by Texas Department of Public Safety for Driving While Intoxicated is a clear violation of the Texas Penal Code, Rules and Regulations of the Fire Fighters' and Police Officers' Civil Service Commission of the City of Laredo, Texas, as well as of the Laredo Police Department. Consequently, a formal internal complaint was filed against you and an immediate internal investigation was initiated.

The internal investigation established you were arrested and charged with Driving While Intoxicated Class B Misdemeanor.

The internal investigation findings were subsequently submitted to a Laredo Police Department Discipline Review Board (DRB) for a disposition recommendation.
After deliberation, the DRB concluded that you did commit a violation of the aforementioned rules, policies, and procedures and further recommended you be indefinitely suspended. After investigating your conduct as set forth and complained of above and, after reviewing the recommendation made by the DRB, I have determined that your conduct, as described above, is contrary to the efficient and proper functioning of the Laredo Police Department and its law enforcement goals. I have also determined that your actions also constitute a violation of the Rules and Regulations of the Fire Fighters' and Police Officers' Civil Service Commission and the Laredo Police Department, all as set forth above. As such, it is my decision to impose on you an indefinite suspension.

My decision to indefinitely suspend you was further bolstered by your previous conduct while you have been an officer in the Laredo Police Department, as reflected in the files of the Laredo Police Department, as follows:

1. In December 1998, a complaint was filed for failing to report an arrest in Eagle Pass, TX for an outstanding Municipal Court warrant for Expired MVI and Failure to Appear. Upon investigation, it was <u>SUSTAINED</u> and you received a written reprimand.
2. In February 1999, a complaint was filed for Off-Duty Enforcement and Unnecessary Display of Weapon. Upon investigation, it was <u>SUSTAINED</u> and you received a three (3) day suspension.
3. In September 1999, a complaint was filed for Intoxication Off-Duty after you were arrested in Eagle Pass, TX for Driving While Intoxicated. Upon investigation, it was <u>SUSTAINED</u> and you a thirty (30) day suspension.
4. In September 1999, a complaint was filed for Off-Duty Conduct after you were once again arrested in Eagle Pass, TX for Terroristic Threats. Upon investigation, it was <u>SUSTAINED</u> and you received an indefinite suspension.
5. In May 2001, you were cited in Laredo for Speeding. You received an Employee Warning Notice.
6. In January 2002, a complaint was filed for Telephone Harassment you repeatedly telephoned a female motorist whom you had stopped. Upon investigation, it was <u>SUSTAINED</u> and you received a written reprimand.
7. In October 2003, you were involved in a fleet accident. Upon investigation, it was <u>PREVENTABLE</u> and you received were scheduled for Defensive Driving Course.
8. In May 2005, a complaint was filed for Off-Duty Conduct after you made an inappropriate gesture with your middle finger to a USBP Agent. Upon investigation, it was <u>SUSTAINED</u> and you received a written reprimand.
9. In January 2006, a complaint was filed for Untruthfulness and Insubordination after you called the Laredo Police Department while off-duty to recover some firearms from your residence and later came by the Police Department to

recover them by resorting to mendacious means. Upon investigation, it was <u>SUSTAINED</u> and you received a sixty (60) day suspension.

10. In November 2006, a complaint was filed for Incompetency after you handcuffed, detained, and transported a nine (9) year old juvenile. Upon investigation, it was <u>SUSTAINED</u> and you received an oral reprimand.

11. In November 2006, a complaint was filed for Inattention after you left the booking room door unsecured and a prisoner later escaped. Upon investigation, it was <u>SUSTAINED</u>.

12. In March 2007, you were involved in a fleet accident. Upon investigation, it was <u>PREVENTABLE</u> and you received were scheduled for Defensive Driving Course.

13. Lastly, of the many entries in your internal affairs file, a total of eleven (11) incidents involved the consumption of alcohol and/or at establishments where alcohol is consumed.

I would have reached the same conclusion to indefinitely suspend you even in spite of any of these prior entries in your internal affairs file

Chapter 143 of the Texas Local Government Code provides that you may appeal this suspension in writing to the Civil Service Commission or to an independent third party hearing examiner. It should be noted that under Article 26, Disciplinary Actions, of the Collective Bargaining agreement between the City of Laredo and the Laredo Police Officers' Association, suspensions of five (5) days or less cannot be appealed to a hearing examiner, but must be appealed only to the Civil Service Commission.

If you wish to appeal this order of suspension, you have ten (10) days after receipt of this order of suspension, within which to submit a written notice of appeal under Chapter 143 of the Texas Local Government Code, including Section 143.010 of Chapter 143, which specifies those matters which must be contained in your notice of appeal. Your notice of appeal should be addressed to the Director of the Civil Service Commission of the City of Laredo, Texas.

*C.L. Maldonado*

Carlos R. Maldonado
Chief of Police

## SERVICE

Received By: _Diego Villarreal_ Date: _10-02-08_ Time: _4:25 pm_

Delivered By: _C.C. Maldonado_ Date: _10-2-08_ Time: _4:25 pm_

Witnessed By: _Magana R_ Date: _10-2-08_ Time: _4:25 pm_

xc:  Carlos Villarreal, City Manager
     Cesar Garza, Director Civil Service Commission
     Raul Casso, City Attorney
     Office of Public Integrity
     Personnel File of Police Officer Hector Diego Villarreal

## AFFIDAVIT OF GARY OWENS

STATE OF TEXAS                                §
                                             §
COUNTY OF POTTER                             §

Before me the undersigned notary, on this day personally appeared Gary Owens, the affiant, a person whose identity is known to me. After I administered an oath, the affiant testified as follows:

"My name is Gary Owens. I am over 18 years of age, of sound mind, and competent to make this Affidavit. I have personal knowledge of the matters contained herein, and they are all true and correct.

On or about April 27, 2012, I had a personal encounter with Sergeant Hector Villareal of the Perryton Police Department. I had been at the Boxwell Brothers funeral home in Perryton, Texas with my family that evening as my father-in-law, R.L. McElroy, had passed away earlier that morning. After I left the funeral home I later returned to my father-in-law's home at #1 North Jefferson Street, Perryton, Texas at approximately 9:30 p.m. I was driving a Chevrolet Impala and pulled into the driveway of the residence. I saw a police cruiser when I pulled into the driveway and waved as I drove by the police officer. I proceeded to exit my vehicle to go into the house with my wife, and suddenly, I saw the police cruiser pull into the driveway at an angle and turn on his lights.

I approached the the police officer and asked if there was a problem. The police officer identified himself as Sergeant Villarreal with the Perryton Police Department. He advised me that I did not use a blinker when I pulled into the driveway and that I needed to provide him with my license and registration. I provided him with that information and I apologized for not using my blinker when I drove into the driveway. Sergeant Villarreal was irritated about the situation and made that clear to me with his words and actions. He also advised that he had been watching a situation with a vehicle that looked like mine all day long. I informed Sergeant Villarreal that I did not live in Perryton and that I was only there for the day. I then asked to speak to his sergeant and he advised "I am the Sergeant." I then asked to speak with his supervisor and he responded "I am the supervisor." Then he instructed me that I needed to get in my vehicle. I informed him that I was at the location that I intended to stay for the night and that I did not need to get in my vehicle. He then instructed me to get in the vehicle. I turned away from Sergeant Villarreal to head back towards my vehicle which was about 10 feet away.

As I was walking towards my vehicle, I heard Sergeant Villarreal approaching me from behind and suddenly, he jumped on my back to try and take me to the ground. He went over the top of me and when he got up off the ground, he had drawn his gun and pointed it in my face and yelled "You are under arrest." At that point, I stopped speaking with him and turned around. He handcuffed me and put me in the back of the vehicle.

About that time, several officers arrived at the scene and Sergeant Villarreal went to the

**Affidavit of Gary Owens**



EXHIBIT

B

**Page 1 of 2**

door of the house to see if my wife was inside. After speaking with her, he got in the car and took me to jail.

While waiting in a holding cell, I overhead Sergeant Villarreal tell the other police officers that he had followed me, I pulled into the driveway, exited the vehicle and tried to flee the scene which is why he arrested me. Later that evening, I was released from jail. No charges were ever filed.

Following the incident, I filed a complaint with the Texas Rangers to report the incident. To my knowledge, nothing ever came of the complaint.

I have read the preceding Affidavit, and I swear every statement made is upon my personal knowledge, and is true and correct."

SIGNED this the 26th day of October, 2017.



Gary Owens

SUBSCRIBED AND SWORN TO BEFORE ME on the 26th day of October 2017, to certify which witness my hand and official seal.

REBECCA ANN MCMURRY
My Notary ID # 129205858
Expires November 16, 2020

Notary Public, State of Texas

## <u>AFFIDAVIT OF JOSEPH BRENT JUDICE</u>

THE STATE OF TEXAS

COUNTY OF _Ochiltree_

On this day personally appeared before me Joseph Brent Judice who, after being by me duly sworn, on his oath stated the following:

"My name is Joseph Brent Judice. I am over the age of 18 years, am fully competent and have personal knowledge of the matters stated in this affidavit.

"Prior to the shooting of Scott Pickett on May 2, 2016, I had a personal encounter with Officer Hector Diego Villarreal of the Perryton Police Department.

"I had a swim party in my backyard. One of our guests, Tony Richardson, stepped into the front yard to take a phone call from his mother-in-law. When the party was over, no one knew where Tony was. His car was still parked out front, so I assumed he caught a ride home. I went to sleep, and early in the morning I received a call from Tony. He was in jail and he asked me to call his boss and inform him that he would not be making it to work. He told me he had been assaulted in my front yard by Officer Hector Diego Villarreal of the Perryton Police Department.

"I got angry and called and spoke with Officer Villarreal by telephone. Officer Villarreal offered to come to my house to speak to me in person. Officer Villarreal pulled past my house and approached me in my front yard. I could tell by his demeanor that He was very angry. We exchanged unpleasantries in my front yard and I finally asked him to leave. When he would not leave, I told him I was going to bed. As I turned to walk away, I was tasered and arrested. Officer William "Bucky" Goldsberry witnessed the scene and neither de-escalated or escalated the situation.

AFFIDAVIT OF JOSEPH BRENT JUDICE
Page 1 of 2

"I had three (3) charges brought against me arising out of the incident at my home. Chief Hill agreed to dismiss two (2) of the charges on the spot and I paid a fine for public intoxication, even though I was exercising my First Amendment right while standing on my own property.

"For quite some time after the incident, Officer Villarreal slowly drove by my house smirking at me.

Further, affiant saith not."

EXECUTED on this the ___1ᴅ___ day of ___April___, 2018.

_Brent Judice_
Affiant

SUBSCRIBED AND SWORN TO BEFORE ME on this ___1ᴅ___ day of

___April___, 2018, to certify which witness my hand and official seal of office.

DARLA RHODEN
My Notary ID # 8278767
Expires December 20, 2021

_Darla Rhod___
Notary Public, State of Texas

AFFIDAVIT OF JOSEPH BRENT JUDICE
Page 2 of 2

**EXHIBIT**
C