IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| GREGORY and KRISTI PICKETT, Individually and as Next Friends of SCOTT PICKETT<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF PERRYTON, TEXAS and SERGEANT HECTOR VILLARREAL;<br><br>Defendants. | §§§§§§§§§§§§§§ Civil Action No. 2:18-cv-00075-Z-BP |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Defendants' Motion to Exclude Certain Testimony of Plaintiffs' Expert John C. Laughlin, ECF No. 27, Brief in Support, ECF No. 28, and Appendix, ECF No. 29, filed on May 20, 2019; and Plaintiffs' Response, ECF No. 30, Brief in Support, ECF No. 3, and Appendix, ECF No. 32, filed on June 10, 2019. Having considered the motion, related briefing, evidence, and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Matthew J. Kacsmaryk **DENY** Defendants' motion.

I.   BACKGROUND

Plaintiffs Gregory and Kristi Pickett ("Plaintiffs"), individually and as next friends of their son, Scott Pickett ("Pickett"), allege excessive force claims under 42 U.S.C. § 1983 against the City of Perryton, Texas ("the City"), and Sergeant Hector Villarreal ("Villarreal"). This case arises from the use of deadly force by Villarreal on the morning of May 2, 2016, when he shot Pickett twice, causing bodily injuries. Plaintiffs allege causes of action based on unconstitutional use of deadly force; failure to train, supervise, and discipline; and failure to properly screen officer

candidates. Defendants now move to exclude certain testimony of Plaintiffs' designated expert witness.

## II. LEGAL STANDARD

Federal Rule of Evidence 702 governs the admissibility of expert testimony in federal court. The rule provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. This rule requires the court to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993).

"Before a district court may allow a witness to testify as an expert, it must be assured that the proffered witness is qualified to testify by virtue of his 'knowledge, skill, experience, training, or education.'" *United States v. Cooks*, 589 F.3d 173, 179 (5th Cir. 2009) (quoting Fed. R. Evid. 702). "A district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject." *Id.*

To determine the scientific validity or reliability of expert testimony, the court considers five non-exclusive factors developed by the court in *Daubert*: (1) "whether [the theory or technique] can be (and has been) tested;" (2) "whether the theory or technique has been subjected to peer review and publication;" (3) "the known or potential rate of error;" (4) "the existence and maintenance of standards controlling the [theory or] technique's operation;" and (5) whether the theory or technique has "general acceptance" within the scientific community. *Daubert*, 509 U.S.

at 593-94; *see also Vargas v. Lee*, 317 F.3d 498, 500 (5th Cir. 2003). In evaluating these factors, the court must focus on the reasoning or methodology underlying the expert testimony, not the ultimate conclusion. *See Daubert*, 509 U.S. at 594; *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 989 (5th Cir. 1997). At the most basic level, the *Daubert* factors act "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Skidmore v. Precision Printing & Packaging, Inc.*, 188 F.3d 606, 618 (5th Cir. 1999) (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999)).

The test of reliability is "a flexible one." *Kumho Tire*, 526 U.S. at 138; *Daubert*, 509 U.S. at 594. The Supreme Court has recognized the *Daubert* factors "may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony." *Kumho Tire*, 526 U.S. at 150. A trial court has broad latitude to determine whether *Daubert*'s specific factors are, or are not, reasonable measures of an expert's reliability in a particular case. *See id.* at 152. Moreover, "the rejection of expert testimony is the exception rather than the rule." *See* Fed. R. Evid. 702, adv. comm. notes (2000). "[T]he trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system: Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *United States v. 14.38 Acres of Land, More or Less Situated in Leflore Cty., State of Miss.*, 80 F.3d 1074, 1078 (5th Cir. 1996) (citations and quotation marks omitted).

### III.  ANALYSIS

Defendants move to exclude the testimony of Plaintiffs' expert, John C. Laughlin, that Pickett was complying with instructions when he was shot and that Pickett did not extend his hand holding the gun toward Villarreal. Stating that Laughlin has no police training, is unaware of the

3

standard regarding proper use of force, and has worked on only three or four police shooting cases, Defendants suggest that Laughlin is unqualified to testify. They argue that Laughlin's testimony that Pickett was complying with officers' commands when he was shot is not reliable or grounded in science because "[t]he only basis at all for his opinion is Mr. Pickett's self-serving, unfounded statement that he was complying with the command to 'drop that gun' when he was shot." ECF No. 28 at 5. Defendants also point to Laughlin's own testimony and analysis to contend that his testimony that Pickett did not extend his hand holding the gun toward Villarreal is unreliable. *Id.* Additionally, Defendants claim that Laughlin's testimony regarding whether Pickett was compliant is no more helpful to the jury than Pickett's testimony, and that his testimony that Pickett did not extend his gun-holding hand toward Villarreal is not supported by his data or other witness testimony. *Id.* at 7. In their brief, Plaintiffs argue that Laughlin's testimony is admissible because it addresses issues within his expertise, consists of information outside the common jurors' experiences, and helps put Defendants' conduct in context. ECF No. 31 at 6. Further, Plaintiffs contend that Laughlin's testimony is not only relevant and reliable, but is necessary to assist the factfinder in determining liability in this case. *Id.* at 11.

The undersigned finds that Laughlin is qualified to testify as to human factors of the shooting scene at issue. Laughlin is a licensed mechanical and biomedical engineer. ECF No. 13 at 16. He holds a Bachelor of Science in Bioengineering and a Master of Engineering from Texas A&M University. *Id.* Since 2009, he has been the Principal Engineer of Laughlin Engineering Firm, where one of his responsibilities entails providing human factors engineering services for cases involved in litigation. *Id.* at 18. During the seventeen years he has worked in the field of biomechanical engineering, Laughlin applied engineering principles in the areas of accident reconstruction, injury potential/causation analyses, human factors analyses, and failure analysis.

*Id.* at 17. His full Curriculum Vitae is provided in Plaintiffs' Rule 26(a)(2) Expert Witness Disclosures. *Id.* at 16-19.

The undersigned also finds that Laughlin's testimony is relevant and satisfies the reliability requirements of Federal Rule of Evidence 702. Further, Laughlin's opinions will be helpful to the trier for fact. To prepare his Report, Laughlin reviewed the dash-cam and body-cam videos that were taken by the City's police officers during the shooting event at issue. *Id.* at 8. As to the methodology applied, Laughlin testified that he performed a human factors analysis which considers the human as a variable in an engineering problem. ECF No. 29 at 34, p. 19, l. 20 – p. 20, l. 10. He used CyberLink PowerDirector 14, a video editing and processing software, to analyze the video footage frame by frame. *Id.* at 35, p. 22, l. 21 – p. 24, l. 4. The data from the three videos were normalized, or synchronized, to a common time line with time zero being the first gunshot. ECF No. 13 at 8. Then, key events from the incident were correlated between the videos and recorded on the normalized timeline. *Id.* Based upon his analyses of the timing and sequence of events leading up to the first gunshot, Laughlin concluded that Pickett was complying with the officers' commands at the time the first shot was fired and that Pickett did not extend his hand holding the gun toward Villarreal at any time. *Id.* at 12.

Defendants' argument that Laughlin is merely repeating what Pickett said rather than offering a reliable opinion is unfounded. As Plaintiffs point out, Laughlin was not in possession of Pickett's deposition transcript until after his report was drafted. ECF No. 31 at 7. Plaintiffs contend that Laughlin did not review Pickett's deposition until several months after he drafted his report. *Id.* Instead of simply depending on Pickett's version of the events, Laughlin reached his conclusion after reviewing various pieces of evidence, including, but not limited to, dash-cam video from the patrol car of Officer Steward, body-cam video from Officers Steward and Villarreal, photographs taken at the incident scene, Pickett's medical records, and the officers' voluntary statements. ECF

5

No. 13 at 13. Without a valid reason to question the underlying basis of an expert's testimony, the mere assertion that the expert's conclusions reiterate the plaintiff's statement does not establish that the expert testimony is unreliable. *See Watkins*, 121 F.3d at 989 (holding that the *Daubert* analysis focuses on the reasoning or methodology employed by the expert, not the ultimate conclusion). Thus, Defendants fail to present a valid basis for the distinction they attempt to draw between admissible and inadmissible evidence.

Moreover, Defendants appear to affirm much of Laughlin's testimony relating to the development of events leading up to the first gunshot. They rely on Laughlin's frame-by-frame analysis to support their argument regarding the placement of the gun while at the same time discounting Laughlin's conclusions when they conflict with the officers' testimony. Similarly, much of Defendants' brief focuses on arguing that Laughlin's testimony is based on Pickett's statement and on the ultimate conclusions that should be drawn from Laughlin's analysis rather than objecting to Laughlin's methodology. The undersigned finds that these objections are more related to the weight of Laughlin's opinions than their admissibility and should be challenged on cross-examination and not through a motion to quash.

Defendants also argue that Laughlin's opinions do not assist the trier of fact because his opinion regarding whether Pickett was complying when he was shot is based on Pickett's testimony, while his opinion that Pickett did not extend his gun-holding hand toward Villarreal is not supported by any witnesses' testimony or his data. As discussed above, the undersigned finds that Laughlin did not rely on Pickett's testimony, but on other valid forms of evidence in reaching his conclusion and opinions. Further, Defendants' arguments regarding alleged deficiencies in Laughlin's report can be explored in cross-examination and in the presentation of contrary evidence. Moreover, the undersigned finds that the jury will be assisted by the testimony of

Laughlin, an expert in biomechanics, who offers an opinion on the human factors analysis involving visibility, perception, reaction, and timing regarding the May 2 incident.

IV.    **CONCLUSION**

Based on the foregoing, the undersigned **RECOMMENDS** that Judge Kacsmaryk **DENY** Defendant's Motion to Exclude Certain Testimony of Plaintiff's Expert John C. Laughlin, ECF No. 27.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed on November 27, 2019.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

7